## COON COTTON v. THE STATE.

No judgment ought to be reversed in a civil case merely on the ground that the verdict was not supported by evidence, unless a motion for a new trial has been made in the court where the verdict was rendered and overruled, and the evidence and grounds on which the new trial had been asked should be spread upon the record.

But by the 673d Article of the Code of Criminal Procedure it is said, that "where the defendant has failed to move for a new trial, he is nevertheless entitled, if he appeals, to have a statement of the facts certified and sent up with the record." (Paschal's Dig., Art. 3138, Note 763.) The effect of this is to require this court to review the facts, whether the new trial has been asked or not.

In a prosecution for playing at cards, it is essential for the State to prove that the playing was anterior to the finding of the indictment, and that the offense is not barred by limitation. (Paschal's Dig., Art. 2053, Note 646.)

APPEAL from Walker. The case was tried before Hon. JAMES R. KENNARD, one of the district judges.

The appellant, bearing the euphonious name of "Coon Cotton," was indicted on the 25th June, 1864, for having played a game of cards at a liquor-shop on the 6th June preceding.

The only witness sworn proved that he saw Coon play cards at the liquor-shop, but when he did not say. It was hard to get liquor during the war, and there was a law against vending it within ten miles of Huntsville; still the "critter" could sometimes be found at the Evans house, and when found it was sold there. But whether there was any there when Coon played witness did not know. This scarcity of the beverage was located "one year during the war," and this was the only time fixed by the witness.

The court told the jury that if the defendant played cards at a liquor-shop, they should find him guilty.

The scarcity of the ardent two years agone seemed to be a point with the jury, for they returned and asked the court whether it was necessary that the retailer should have had spirituous liquors to sell at the very time when

Coon was playing cards in that house. The court answered that it made no difference whether there was liquor on hand or not, unless the house had ceased to be used entirely for a dram-shop. The jury found Coon guilty, and assessed his fine at $10, for which there was judgment. And he appealed, without having asked a new trial.

No briefs have been furnished to the *Reporter*.

DONLEY, J.—There was in this case no motion for a new trial, and the question arises, can the action of the district court be reversed without such motion?

It was said in Foster *v.* Smith, 1 Tex., 72, that "no judgment ought to be reversed in this court merely on the ground that the verdict was not supported by the testimony, unless a motion had been made in the court where the verdict was rendered for a new trial and overruled, and then the evidence and the grounds on which the new trial had been asked should be fully spread upon the record." The rule announced in this case, it is believed, has been observed to the present time, and it is not intended now to question its correctness in civil causes. It is believed, however, that the Code of Criminal Procedure has prescribed a different rule for the hearing of appeals in criminal cases. By article 673, O. & W. Dig., Code of Criminal Procedure, it is proved that, "if a new trial be refused, a statement of facts may be drawn up and certified and placed in the record, as in civil suits. Where the defendant has failed to move for a new trial, he is nevertheless entitled, if he appeals, to have a statement of the facts certified and sent up with the record."

It is not perceived for what purpose the facts shall be sent up with the record, unless it be to enable this court to revise the action of the jury, and that the citizen shall not be held subject to legal penalties, if the evidence does not show that he has violated the law. If in fact the

accused is not guilty, and judgment is wrongfully entered against him, he ought not to be deprived of the power of correcting the error, whatever may have induced the legislature to enact the law relaxing the rule or prescribing a rule in criminal cases. The law having been enacted, the court must observe it.

The evidence in this case is insufficient to sustain the judgment. It does not appear from the evidence at what time the defendant played at cards, whether before or after indictment found. The charge must be sustained by proof of a playing before the indictment was found, and not so long before the finding as to be barred by limitation. It does not appear from the record that such proof was made in this case. The evidence is insufficient to sustain the verdict. The judgment is reversed, and the cause

REMANDED.