EUGENIA J. ROUSEL v. A. J. STANGER.

No. 6239.

1. **Separate Property of Wife—Notice.**—A bona fide purchaser from the husband of real estate deeded him during coverture takes the land discharged from any latent equity, such as that his wife's money entered into the purchase.

2. **Practice—Charge.**—When the court has fully charged upon an issue it can not injure a party that further instructions upon the subject were refused.

3. **Charge Not Required Unless Issue Made.**—If there is no testimony to a cause of action or of defense alleged it is not error to omit to charge upon such issue.

APPEAL from Parker. Tried below before Hon. R. E. Beckham. The opinion states the case.

*Harcourt & Ball*, for appellant.—1. The court erred in refusing the instructions asked. Blankenship v. Douglas, 26 Texas, 225; Miller v. Menke, 56 Texas, 539; Shryock v. Latimer, 57 Texas, 674; Inge & Boring v. Cain, 65 Texas, 75.

The only evidence that J. A. Rousel had abandoned his business place

as a part of his homestead before the date of the trust deed on 8th January, 1882, was that he had rented it out and was doing business as a merchant in a rented store house on another street in same city. Inge & Boring v. Cain, 65 Texas, 81.

In the case of Bowman v. Watson this court said: "The question of the abandonment of the place of business is one of fact and not of law. The temporary renting of it does not deprive him of the exemption of the lot if his intention was to resume his business." On question of notice and reasonable diligence. Littleton v. Giddings, 47 Texas, 109; Watkins v. Edwards, 23 Texas, 443; Hawley v. Bullock, 29 Texas, 216; Tied. on Real Prop., 819.

2. The court erred in failing to define what was a business homestead and how the possession would operate as notice so as to render void any mortgage conveyance of the same. "The appropriation of the premises for the use of a merchant as a place of business, even for a short time, is an emphatic invocation of the constitutional protection that can not be lost by a temporary renting unless another store house was acquired by purchase." Swearinger v. Bassett, 65 Texas, 272; Bowman v. Watson, 66 Texas, 295.

*E. P. Nicholson,* for appellee.—A bona fide purchaser is not affected by any latent equity founded upon trust, fraud, or otherwise, of which he had no notice actual or constructive. Flannegan v. Oberthier, 50 Texas, 379; Huyler v. Dahoney, 48 Texas, 239; Parker v. Coop, 60 Texas, 114; McCamy v. Thorp, 61 Texas, 648.

Mortgages and deeds of trust are placed on the same footing with conveyance by deed. 61 Texas, 651.

Henry, Associate Justice.—Appellant instituted this suit to recover a lot in the city of Weatherford.

Plaintiff was formerly the wife of J. A. Rousel. While her marriage existed the lot was purchased and paid for and deeded to her husband. She claims that the consideration paid for it was her separate estate, and also that after the purchase of the lot it became the business homestead of her husband. The lot was purchased by plaintiff's husband in 1877, and was occupied by him and his family as a residence from 1878 to 1879, when they moved to a different residence owned by Rousel, in which they established their homestead and never afterwards occupied or used it as part of their residence homestead. The evidence is that it was never used as a business homestead. The husband was while living at Weatherford a merchant, and his place of business was on a different lot.

The plaintiff testified that the lot cost four hundred dollars, which was paid out of her separate funds; that her husband sold a piano given her

by her father and paid for the lot with part of the proceeds; that she was, not present when the lot was paid for, but knows it was paid out of her money; that her husband had nothing except her money to pay for it with. Two other witnesses testified to statements made by plaintiff's husband to the effect that he had paid the purchase money of the lot with the proceeds of her separate property.

The seller to plaintiff's husband of the lot testified that part of the purchase money was paid out of Rousel's store in groceries. The husband, then living separate from his wife, testified that he paid for the lot out of his private funds, and that not a cent of plaintiff's money was paid on the property.

About the time the deed of trust was executed the husband quit doing business as a merchant and left Weatherford.

There was a trial by jury and a verdict and judgment for defendant.

J. A. Rousel, the husband, gave a deed of trust upon the lot on the 8th day of January, 1881. The property was sold by the trustee according to the terms of said deed of trust, and the defendant claims title through that sale.

The errors assigned relate to the refusal of the court to give charges asked by plaintiff and its omission to give charges not requested upon the following points:

1. That if the evidence showed the property was purchased with the separate funds of the plaintiff, and that the character of the possession of Rousel and wife and their tenants was sufficient to put the purchaser under the trust deed on inquiry, the verdict should be for plaintiff.

2. That if the evidence showed the property in controversy was ever occupied as a place of business by Rousel as a merchant, and that on the 8th of January, 1881, he was still a merchant in Weatherford and had only rented the store house temporarily, the jury should find that it was protected as a business homestead and the deed of trust to be void.

3. That if the purchaser of the property had knowledge of facts putting him on inquiry, which if followed up would have enabled him to ascertain that the house and lot were for a time occupied by Mrs. Rousel as a residence and for a time by her husband as a merchant, that would operate as a notice of the homestead exemption.

4. That if the circumstances above stated would on inquiry lead defendant to ascertain as a fact that the property was purchased with the separate means of the wife the verdict should be for the plaintiff.

5. That the court erred in failing to give any instructions on the question of notice.

6. That the court erred in failing to define what was a business homestead and how the possession would operate as notice so as to render void any mortgage conveyance of the same.

The court did instruct the jury fully and correctly as to what would

constitute the property the separate estate of the wife, and directed the jury if they found it was her separate property, and that the purchasers under the trust deed had notice of such fact or of facts putting them upon inquiry, to find for plaintiff.

The court had also fully instructed the jury with regard to the homestead exemption, if anything more favorably for plaintiff than the facts and law warranted.

The lot in controversy, according to plaintiff's own testimony, which in this respect was well supported by the evidence of other witnesses, having never been occupied as a business homestead, and the evidence conclusively showing without there being anything to the contrary, that it was permanently abandoned as a residence homestead and another one acquired and used, made it improper for the court to give a charge hypothecated upon notice arising out of its use as a homestead.

The proper charge for the court to have given on this branch of the case would have been that it was not a homestead at any time after plaintiff's residence was changed from it.

It would have been error not to have given a proper charge if requested upon the issue of the wife's separate property. The charge requested on the subject not being free from objection was properly refused, but without prejudice to appellant, as the court had, as we have said, submitted that issue fairly and fully to the jury. The evidence on that issue was directly conflicting. The jury accepted defendant's version of it. If the charge given by the court was correct as far as it went, and was unsatisfactory to appellant because it did not sufficiently embrace other and additional points or issues, her remedy, and the only one, was to request proper additional charges, thereby directing the attention of the court to the omissions.

Finding no error in the proceedings for which we think the judgment ought to be reversed, it is affirmed.

*Affirmed.*

Delivered May 10, 1889.