| 76 | 565 |
| 82 | 594 |
| 82 | 597 |

## A. W. POUNCEY V. MARGARET JANE MAY ET AL.

### No. 2891.

**Purchaser for Value—Community Interest—Heirs.**—Though a deed has been made to the husband during his wife's life, and for land paid for with community funds, yet if lost and never recorded, and another be made to the husband after the wife's death, in which no reference is made to a prior deed, and it be shown that a purchaser for value from the husband bought with no knowledge of the former deed or the equitable claim of the children, or of facts that should have caused him to inquire, he takes full title free from the equitable interest which descended from the mother to her children.

APPEAL from Gonzales. Tried below before Hon. Geo. McCormick. The opinion states the case.

*Harwood & Harwood,* for appellant.—The court erred in his findings of fact from the evidence in not finding as a fact established by the evidence that the defendant A. W. Pouncey was an innocent purchaser of the land in controversy, and paid its fair market value, and had no notice of the adverse claim of plantiffs or of any other claim to the same. Edwards v. Brown, 68 Texas, 329; Manchaca v. Field, 62 Texas, 135; Wren v. Peel, 64 Texas, 374; Hill v. Moore, 62 Texas, 610.

*W. S. Fly,* for appellees.—If appellant knew, or could have known by reasonable caution and inquiry, that Mitchell Putman had been a married man, then he would not be an innocent purchaser, and the judgment of the lower court was correct. Brotherton v. Weathersby, 73 Texas, 472; Howard v. Kopperl, 74 Texas, 495; Edwards v. Brown, 68 Texas, 329.

HENRY, ASSOCIATE JUSTICE—This suit was brought by appellees to try title and for partition. It was tried by the court without a jury.

Plaintiffs were the children and heirs of M. Putman and his wife Rebecca Putman. The wife and mother died in 1846. The land in controversy was purchased and paid for in the year 1845, and a deed was then made for it to M. Putman, but that deed was lost without being recorded. The land was paid for with community property, and in equity belonged to the community estate of M. Putman and his wife Rebecca. After the death of his wife Putman procured a second deed for the land from his vendor, which had the form of an original deed and contained

no reference to any other deed or transaction. The deed was in his own name and contained no reference to his widow or children. It recited that the consideration was paid by him.

In the year 1868 M. Putman conveyed part of the land to appellant, who subsequently purchased the remainder of the tract at an execution sale made under a judgment against said M. Putman.

The evidence shows that at the date of his purchase the defendant had had some previous acquaintance with M. Putman and knew that plaintiffs were his daughters. He had not then lived in the neighborhood of the land and did not know anything about the history of the family of said Putman. He paid to M. Putman the amount named in his deed, which was the full market value of the land, and he had no notice that the land was purchased during the lifetime of Rebecca Putman. He did not know that there was such a person as Rebecca Putman until long after his purchase of the land. When he purchased he did not know that the land was claimed adversely to his vendor by plaintiffs or by anybody else.

The court found that all of the plaintiffs except one were barred by the statute of limitations, and that defendant "knew, or might have known by the use of ordinary care and diligence, that the property was community.'

Judgment was rendered in favor of one of the plaintiffs for the recovery of an interest in the land, to reverse which the defendant prosecutes this appeal.

Appellant assigns as error the failure of the court to find as a fact established by the evidence that defendant was an innocent purchaser for value of the land in controversy.

We think the objection is well taken. The deed conveyed the legal title to M. Putman. The appellant testified that he purchased and paid for the land without notice of any facts showing the existence of an equitable title in appellees. We do not find in the record any evidence sufficient to show notice to plaintiff of such facts or to put him upon inquiry as to them.

The judgment of the court below will be reversed and one rendered by this court that plaintiffs in the court below take nothing by their suit and pay all costs of both courts.

*Reversed and rendered.*

Delivered March 18, 1890.