## CLARK & LOFTUS v. MARY T. PEARCE.

### No. 3071.

1. **Measure of Damages.**—Where property has been illegally seized under process and its release is obtained by the payment of a sum of money, the amount paid for the release is the measure of actual damages for the seizure.

2. **Exemplary Damages.**—Where goods are seized under a writ of sequestration sued out upon a debt paid, no pretense of mistake being made on the part of the plaintiff in the sequestration, such facts authorize the finding of exemplary damages at suit of the owner of the goods.

3. **Conflict of Testimony.**—The plaintiff testifying to the payment of the debt made the basis of the writ of sequestration, and one of the defendants testifying that it was not paid, the issue being fairly submitted to the jury their finding that it had been paid before the writ was issued will not be set aside.

4. **Voluntary Payment.** — The payment of money made to secure the release of property wrongfully seized is not a voluntary payment, and can be recovered.

5. **Charge — Sequestration.** — In a suit for damages for the wrongful seizure of goods under a writ of sequestration the court charged the jury: "If you find that the plaintiff had not paid the amount she actually owed to defendants, and did not tender any balance she may then have actually owed, and if Clark & Loftus or any of them for the firm sued out a writ of sequestration, and if such sequestration was not wrongfully sued out, then you will find for the defendants." *Held,* that while it would have been more appropriate for the court to have instructed the jury as to what constituted a wrongful suing out of a writ of sequestration, yet the charge is not incorrect.

6. **Conflict of Testimony of Witnesses—New Trial.**—Where there is sufficient evidence to sustain a verdict and there is opposing testimony directly in conflict with it, and the determination of the conflict depends upon the credibility of the witnesses, the verdict will not be disturbed on appeal.

7. **Practice—Motion for New Trial.**—In a separate assignment of error defendant Clark insisted upon a reversal because of total absence of testimony against him authorizing exemplary damages, insisting that his partner's malice should not be imputed to him. He had not interposed this in the court below, nor had he sought a new trial upon this defense. *Held,* that the proper practice demands that a party who

deems himself aggrieved by the finding of a jury should exhaust his remedies in the trial court. Not having made the matter complained of a ground for action in motion for new trial the matter will not be revised in this court.

APPEAL from Harris. Tried below before Hon. James Masterson.

This is an appeal from a judgment below for $15 actual and $500 exemplary damages in favor of Mrs. Pearce and against Clark & Loftus for wrongful seizure of certain goods of plaintiff seized under a writ of sequestration wrongfully sued out by the defendants.

The facts are given in the opinion.

*Henry F. Fisher*, for appellants.—1. The measure of actual damages for seizing personal property by virtue of valid process of the court is the market value of the property at the time, with 8 per cent. Kauffman & Runge v. Babcock, 67 Texas, 241.

2. Money paid to avoid the enforcement of process to one asserting a claim in a legal way can not be recovered. City of Houston v. Feezler, 76 Texas, 367.

3. It is error for the court to charge on the weight of evidence, or to assume in its charge that any fact at issue is proven. Cobb v. Beall, 1 Texas, 342; Wells v. Barnett, 7 Texas, 584; Gray v. Burk, 19 Texas, 228; Crozier v. Kirker, 4 Texas, 252; Gay v. McGuffin, 9 Texas, 501; Golden v. Patterson, 56 Texas, 628.

4. The court should award a new trial when it has erred in its charge or when the evidence does not justify the verdict.

The court erred in charging the jury to consider the affidavit for continuance to impeach Loftus, and the same is misleading. Railway v. Scott, 64 Texas, 549; Norvell v. Oury, 13 Texas, 31; Wintz v. Morrison, 17 Texas, 372; Rosenthal v. Middlebrook, 63 Texas, 333; Hardy v. De Leon, 5 Texas, 211; Wells v. Barnett, 7 Texas, 384.

The court erred in not granting new trial as to Edward F. Clark. Railway v. Schmitt, 61 Texas, 282; Mitchell v. Matson, 7 Texas, 3; Clark v. Davis, 7 Texas, 556; Edington v. Kiger, 4 Texas, 89; Guerin v. Patterson, 55 Texas, 124; Chandler v. Meckling, 22 Texas, 41.

The court should have allowed a new trial when verdict is unsupported by the evidence and against great preponderance. Railway v. Schmitt, 61 Texas, 282; Railway v. Wallen, 65 Texas, 568; Railway v. Bracken, 59 Texas, 71.

The verdict should be responsive to proof made, based on the nature of injury alleged in the pleading. Loving v. Dixon, 56 Texas, 75; Dufford & Hecker v. Herbert, 2 Ct. App. C. C., sec. 613; City of Laredo v. Russell, 56 Texas, 403; Cannon v. Cannon, 66 Texas, 682.

5. The appellant Edward F. Clark assigned the following independent assignment, to-wit: The court erred in refusing to grant a new trial as to him when there was no proof to show that he had been guilty of

any wrongful act toward the plaintiff whereby he became liable for exemplary damages.  Railway v. Wallen, 65 Texas, 568.

*J. W. Walker* and *W. S. Oldham,* for appellee, filed a brief in nature of an argument, citing 2 Greenl. on Ev., sec. 272; Churchhill v. Watson, 5 Day, 144; Edwards v. Beach, 3 Day, 447; Merrill v. Tariff Mnfg. Co., 10 Conn., 384; Cook v. Garza, 9 Texas, 358; Champion v. Vincent, 20 Texas, 815; Sedg. on Dam., secs. 517, 518.

GAINES, ASSOCIATE JUSTICE.—This action was brought by appellee against appellants as partners to recover damages, actual and exemplary, for the alleged wrongful and malicious suing out of a writ of sequestration of certain property belonging to her.  The case made by the plaintiff was as follows:  The defendants were dealers in furniture, selling upon a credit payable in installments.  The plaintiff purchased certain pieces of furniture of them on a credit and gave them a chattel mortgage to secure payment of the debt.  There were several small purchases and several partial payments.  However, she alleged in her petition and testified upon the trial that she had paid her indebtedness.  The defendant Loftus claimed that there was $11 still due, and in order to enforce its payment caused a suit to be brought by the firm against her for the amount and sued out a writ of sequestration against certain furniture upon which they claimed a mortgage.  Loftus went with the constable to make the levy, and, as she alleged and testified, behaved in an insulting manner toward her.  The writ having been levied she paid the money under protest in order to secure the release of her property.

The defendants pleaded a general denial, and also answered specially that the debt sued for was justly due and that the writ of sequestration was properly sued out.  They also denied that the levy of the writ was attended with any insulting conduct or language.  The defendant Loftus testified in the case and swore to the correctness of the account upon which they had brought suit and sued out the sequestration, and that he used no insulting language toward the plaintiff at the time the writ was levied.  There were other witnesses examined, and there was a very decided conflict in the testimony both as to the payment of the debt for which the defendants sued the plaintiff and as to the conduct of defendant Loftus at the time of the levy of the sequestration.

It is first assigned that the court erred in giving the following charge: "If you believe from the evidence that the plaintiff had dealings with Clark & Loftus, and when she went to have a settlement with them Loftus obtained the receipts for money theretofore paid, and destroyed and retained them and afterward made a claim for the same articles which she had already paid for, and after that sued out a sequestration to get possession of the articles which had been paid for by plaintiff, then you will find for plaintiff such actual damages as she may have sustained

therefrom, viz., the sum she paid to Lubbock, constable, and also such sum for punitory damages as in your deliberate judgment from the evidence the nature of the case may call for, and in estimating the punitory damages you will take into consideration all circumstances in evidence, if any, showing insults and outrages as alleged in plaintiff's petition.''

We do not think the grounds of objection to the charge are well taken. The measure of damages is correctly stated. It is true that ordinarily when property has been wrongfully seized and converted the damage is the value of the property; but when as in this case money has been paid to secure a release of the property and it has been released, it is clear that the amount paid for the release is the measure of the damages. The charge is not upon the weight of the evidence, nor does it assume the existence of facts about which there is any dispute. It does assume that the plaintiff paid the constable money in order to obtain a release of the levy, but as to that fact there is no dispute whatever. The plaintiff claimed and testified that she paid her account in full; that Loftus got possession of her receipts and then sued for a part of the amount and sequestered the furniture for which she had paid. If this was the case, and if it was deliberately done, it entitled the plaintiff to exemplary damages, and it was not error to so instruct the jury. Mayer v. Duke, 72 Texas, 445.

The defendants did not claim, nor was there any evidence to show, that there was any mistake as to the alleged debt. The issue was sharply made upon the one hand that the debt had been paid, and upon the other that it had not. If the debt had been paid there was no evidence to indicate that the defendants were not fully cognizant of the fact, or that the sequestration was not deliberately sued out with the knowledge that nothing was due them.

It is also claimed that when money has been paid voluntarily it can not be recovered back, and that therefore the charge is erroneous. But it is well settled that when goods have been wrongfully seized under the forms of the law and money has been paid to secure their release the payment is not voluntary and it may be recovered. Taylor v. Hall, 71 Texas, 213.

The following instruction is also assigned as error:

''If you find the plaintiff had not paid the amount she actually owed to defendants, and did not tender any balance she may then have actually owed, and if Clark & Loftus or any of them for the firm sued out a writ of sequestration, and if such sequestration was not wrongfully sued out then you will find for defendants.''

It would have been more appropriate for the court to have instructed the jury as to what constituted a wrongful suing out of the sequestration, but the charge can not be said to be in any particular incorrect. It was intended for the benefit of the defendants, and if they desired an additional instruction upon the point they should have requested it.

It is also insisted that the court should have granted a new trial because the verdict of the jury is contrary to the evidence. It is not our province ordinarily to weigh the evidence. When there is a want of evidence to support a verdict, or when there is such a preponderance of evidence against it as to show that it is manifestly wrong, this court will not hesitate to set it aside. But where there is sufficient evidence to sustain a verdict and there is opposing testimony directly in conflict with it, and the determination of the conflict depends upon the credibility of the witnesses, the verdict will not be disturbed in this court. Such is the case before us. If the plaintiff is to be believed the defendant Loftus, acting for his firm, maliciously used the process of a court to perpetrate an outrage upon her, and she was entitled to recover actual and exemplary damages. The decision of the case depended mainly upon the credibility of the witnesses, and the question of their credibility was peculiarly within the province of the jury.

The appellant Clark in a separate assignment of error complains that the verdict as to him is wholly without evidence to support it. The evidence fails to show any actual participation by him in the acts complained of by plaintiff. His partner Loftus sold the furniture, received the money that was paid, sued out the writ of sequestration, and was present at the levy. The suing out of the writ to collect a partnership debt was clearly within the scope of the partnership business, and Clark is responsible for all actual damages resulting from the action of his partner in levying the writ of sequestration. But it would seem that to hold him liable for exemplary damages it ought to have been shown that he either participated in some manner in the malicious issue of the writ or that he adopted and ratified his partner's acts. In other words, his partner's malice will not be imputed to him without some participation or act of ratification on his part.

But this separate defense is set up for the first time in this court. The defendants pleaded jointly to the action, alleging among other things that the sequestration was sued out to secure an existing indebtedness and upon proper grounds. Although the defendants pleaded a general denial Clark failed to testify that he did not participate in causing the process to issue, or that the partnership did not receive the proceeds of the suit with a knowledge on his part of all the facts. Under such circumstances we should hesitate before setting aside the verdict even if a motion for a new trial had been made upon that ground in the lower court. A motion to set aside the verdict was filed in this case, but the want of evidence against Clark was not one of the grounds upon which it is based.

In Foster v. Smith, 1 Texas, 70, Judge Lipscomb uses this language: "We will here take occasion to say that according to what is believed to be the correct rule of practice no judgment ought to be reversed in this court merely on the ground that the verdict was not supported by

the testimony, unless a motion had been made in the court where the verdict was rendered for a new trial and overruled; and then the evidence and the grounds upon which the motion had been made should be fully spread upon the record.  *  *  *  We are aware, however, that a different rule has prevailed, and we are not willing to change it in cases already decided in the lower courts; but in cases to be decided hereafter this rule, believed by us to be the correct one and best calculated to promote the ends of justice, will be enforced." See also Tarpley v. Poage, 2 Texas, 139; Smith v. Sherwood, Id., 460.

In Cotton v. The State, 29 Texas, 186, referring to Foster v. Smith, *supra*, it is said: "The rule announced in this case it is believed has been observed to the present time, and it is not now intended to question its correctness in civil causes."

It is the only correct rule, whether viewed from the standpoint of principles of correct procedure or as a practical means of attaining the ends of justice. This court can properly reverse only for error in the rulings of the lower court, and however contrary to the evidence a verdict may be, if responsive to the issues and in proper form the trial court has no discretion, but is bound to enter judgment upon it. Lloyd v. Brinck, 35 Texas, 1. Therefore it would seem to follow that before it can be claimed that there is error in the ruling of the court upon the sufficiency of the evidence to support the finding of the jury, the action of the court upon the matter should be invoked by a motion for a new trial which states specifically the grounds for which the verdict is sought to be annulled. Aside from this, it is to be presumed that if the verdict is not supported by the evidence the court in which it was returned will set aside upon motion; and we are of opinion, therefore, that a proper practice demands that a party who deems himself aggrieved by the finding of a jury should exhaust his remedies in the trial court before appealing to another tribunal on the ground of error in the verdict.

In regard to the rulings of the court upon exceptions to the pleadings, the admission of evidence, and in the giving or the refusal of instructions a different rule prevails. Having once acted, it is not to be presumed that the judge will change his ruling; and hence in order to appeal from such action it is not necessary that it be made ground for a new trial. But it is always optional and proper to do so.

Because the matter complained of in appellant Clark's separate assignment was not made a ground of the motion for a new trial, the evidence bearing upon the question therein submitted will not be reviewed in this court.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered March 6, 1891.