### T. L. MARSALIS V. S. R. CRAWFORD.

#### No. 498.

1. **Charge of Court—Reciting Issues.**—Where the charge of court recites the pleadings of the plaintiff, the issues raised by the pleadings of the defendant should also be recited, and a failure to do so would be such error as would give undue prominence to the plaintiff's contention in the case.

2. **False Representations—Innocence in Making.**—As affecting the right of a vendee to compensation for a misrepresentation as to the subject matter of the sale, there is no distinction between misrepresentations made knowingly and those made by mistake.

3. **False Representations—Estoppel of Vendee by Subsequent Purchase.**—Plaintiff purchased notes secured by lien on land, and afterwards sued his vendor for false representations as to the land being free of other incumbrance, and as to its value. Nine months after his purchase under his deed of trust, and knowing then that there was another prior incumbrance on the land, he bid it in for the full amount of his notes. *Held,* that although he may have been induced to purchase the notes by false representations of the vendor, yet he had, by bidding in the land for the value of the notes, satisfied the notes and released the parties thereon.

4. **Practice on Appeal—Motion for New Trial Below.**—Assignments of error made to the giving and refusing of special charges will be considered on appeal, although not made a ground of the motion for new trial.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE.

*Leake, Shepard & Miller,* for appellant.—1. The court erred in its charge in giving undue prominence to the averments in plaintiff's petition, stating in detail the grounds on which plaintiff sought to recover, and by inadvertence not stating in the charge that defendant had made any answer to said averments, or any defense whatever. Willis & Bro. v. McNeill, 57 Texas, 465; Medlin v. Wilkins, 60 Texas, 409; Railway v. Kutac, 76 Texas, 474; Randall v. Gill, 77 Texas, 351.

2. If the purchaser of an article would rescind for fraud or misrepresentation in reference to the article bought, he should do so as soon as such discovery is made, and should return, or offer to return, to the vendor the article sold; and if he treats the article as his own after such discovery, or places it out of his power to return it to the vendor

in the condition it was in at the time of the sale, or if by any act or conduct of his he destroys the value of such article, then in such case he is not entitled to rescission, nor is he entitled to recover of the vendor the consideration paid for such article. Watson v. Baker, 71 Texas, 739; Pearson v. Cox, 71 Texas, 246; Aultman v. York, 71 Texas, 261.

*John W. Smith* and *R. E. Cowart*, for appellee.—1. Appellant, in his motion for a new trial, did not complain of the error here assigned, and the same can not be considered by this court on appeal. Sayles' Civ. Stats., art. 1369; Rules for Dist. Courts, 67, 68; Foster v. Smith, 1 Texas, 70; Reynolds v. Williams, 1 Texas, 311; Hart v. Ware, 8 Texas, 115; King v. Gray, 17 Texas, 62; Pyron v. Grinder, 25 Texas Supp., 159; Jacobs, Bernheim & Co. v. Hawkins, 63 Texas, 1; Sayers v. Grant, 1 Posey's U. C., 727; Clark v. Pierce, 80 Texas, 147; Degener v. O'Leary, 85 Texas, 171; Galbraith v. Townsend, 1 Texas Civ. App., 453; Railway v. Osborne, 26 S. W. Rep., 274.

2. Plaintiff had alleged, and the proof showed, that the appellant was in a position to have, and did have, superior knowledge and information respecting the matters complained of in this assignment, and represented so to have. The proof further showed that appellee was a stranger, and knowing the standing and position of appellant, he purchased the notes, relying on his statement. The statements were false, and appellee is entitled to recover, whether appellant knew them to be false or not. Mooreland v. Atchison, 19 Texas, 303; Pendarvis v. Gray, 41 Texas, 326; Smith v. Fly, 24 Texas, 349; O'Connell v. Duke, 29 Texas, 310; Farenholt v. Perry, 29 Texas, 316; Ramey v. Allison, 64 Texas, 697; Norris v. Ennis, 60 Texas, 83; Watson v. Baker, 71 Texas, 739; Culberson v. Blanchard, 79 Texas, 486.

RAINEY, ASSOCIATE JUSTICE. — This is an action for damages brought by appellee, Crawford, against appellant, Marsalis. Appellee alleged, that he purchased of appellant two promissory notes made by one Cromwell to M. A. Coates, said notes being secured by a vendor's lien upon certain land. He further alleged, that at the time he purchased said notes, Marsalis made certain representations about the title, condition, situation, and value of the land, and the amount that had been paid thereon, which induced appellee to made the purchase of the notes. That said representations so made were false, which was unknown to appellee at the time, and he thereby suffered damages.

Appellant answered by general denial, and specially, that said notes were purchased by the Dallas Land and Loan Company from M. A. Coates for a valuable consideration, without any knowledge on its part or that of appellant; that they were not the first and only lien on the land for which they purported to have been executed; that when appellee purchased the notes, he was told by appellant that he knew nothing about the property; that his attorneys had examined the title and found it good; that appellant refused to indorse the notes, telling

appellee that he must take them as they were; and further, that said notes were secured by deed of trust on the land; that appellee had the land sold under said deed of trust and bid in for the full value of the notes, thereby releasing the makers of the notes and the indorsers thereof from any liability thereon, and thereby put it out of his power to place appellant in the position he was before appellee purchased them, and by reason thereof fully exonerated and released appellant from all liability, if any he was ever under, which is denied.

The trial court, in its charge, recited at considerable length the substance of the allegations of plaintiff's petition, but failed to state the defenses set up by defendant. The court also failed to instruct the jury on the issue raised by defendant's pleadings and proof. Where the issues raised are properly presented by the court in the body of the charge, it is not necessary in all cases to recite the pleading; but when the pleadings of plaintiff are recited, the issues raised by the pleadings of the defendant should also be recited, and a failure to do so would be such error as would give undue prominence to the plaintiff's contention in the case, unless the omission was corrected by a proper charge subsequently given covering the omission, which was not done in this case.

Appellant insists, that if appellee was misled by representations made by him, that such representations were innocently made, he not knowing them to be false, and that therefore he is not liable. This is not sound as a legal proposition. The rule is well settled, that "as affecting the right o a vendee to compensation for a misrepresentation as to the subject of the sale, there is no distinction between misrepresentations made knowingly or by mistake. A false representation, however innocently made, if damage follows, will give the injured party a right to compensation." Watson v. Baker, 71 Texas, 739.

If Marsalis made the representations as alleged, and they were false, and Crawford believed the same and was induced thereby to purchase the notes, and suffered damages therefrom, he would be entitled to recover, however innocent Marsalis was in his statements, unless Crawford afterwards, by his acts, has precluded a recovery. Here arises the controlling question in the case. Did Crawford, by his act of purchase of the land at the trustee's sale, preclude his right to damages, if any, that had accrued up to that time? In order to answer this question properly, it will be necessary to understand the facts proven in this connection. It seems from the evidence, that Crawford purchased the notes of Marsalis on or about August 13, 1888. At that time there was a prior vendor's lien on the land for $650, the deed evidencing such lien being then of record, having been recorded August 18, 1886. The $650 was due by M. A. Coates to his vendor, E. D. Coates. On August 15, 1888, two days after Crawford purchased the notes from Marsalis, E. D. Coates instituted suit against M. A. Coates in the District Court of Dallas County, seeking to recover the land from M. A. Coates; but neither Cromwell, who bought the land

from M. A. Coates, Seay, trustee, or Crawford, were made parties to said suit.

The cause was tried in December following, and resulted in a judgment in favor of E. D. Coates against M. A. Coates, for the land in question. Crawford, appellee, in his testimony, says: "When the first installment of interest fell due (which was January 26, 1889), I looked up Cromwell, the maker, and finally found out he could make no payment, and I found out that he was a worthless fellow, without means. I then went to see the land myself, and found it about eight miles from Mesquite. I found a house on it, but it was a common one, and found that all of the land was not in cultivation, as it had been represented to me—only a small part thereof being in cultivation; and I found on the land one E. D. Coates, who said that he claimed the land himself, and that there was a case pending in court brought by him against M. A. Coates for the land. When the sheriff, as substitute trustee, made the sale of the land, this E. D. Coates was present and forbade the sale, and bid on it the sum of $200, and I then bid the full amount of the two notes, then amounting to $1605."

Crawford, on cross-examination, further testified, that when he went to see the land, E. D. Coates told him about the lien for $650; that suit had been brought on it in the District Court of Dallas County to recover the land, because the notes had not been paid; and that "just as soon as could be after that I had the land sold by the sheriff under the trust deed. At the trustee's sale I think there was one bid of $400, and then I bid the full amount due on the notes. Deed was made me by the sheriff, which bears date April, 1889. I can not be positive, but it must have been after this deed was made to me that I went out and looked at the land, and had the conversation with E. D. Coates stated above."

From the testimony of Crawford, there was a period of about nine months intervening between the purchase of the notes by him and the sale of the land under the deed of trust. It is evident that during that time Crawford had visited the land, was informed of E. D. Coates' claim, the amount of the lien, and the bringing of the suit. He also had an opportunity to inspect the land, which, according to his statements, he did do, and found that the representations made by Marsalis were not true. Notwithstanding all these facts having been brought to his knowledge, he had the land advertised and sold under the deed of trust, he becoming the purchaser at such sale, and bidding the full amount of the principal and interest due on the notes.

Conceding the representations were made by Marsalis as claimed by Crawford, and that Crawford did rely on them, and was justified in so doing at the time he purchased the land, still we are of opinion that he could not rely on them in bidding in the land. He was put upon notice, actual as well as constructive, as to its condition and incumbrance, and when he bid at the sale the full amount of the notes and received a deed for the land, he thereby accepted it in full satisfaction

of the notes, and, in contemplation of law, his claim was fully paid off and discharged.

Marsalis sold Crawford the notes, and not the land. His warranty, if any, went only to the extent that the land was sufficient to pay the notes. This warranty has in no sense failed. The notes have been paid in full. By the conduct of Crawford, the maker and indorser of the notes were released, and Marsalis was thereby exonerated from any liability that may have accrued by reason of his representations. We are therefore of the opinion that the court erred in failing to give a charge covering this phase of the case, the attention of the court having been called thereto by a special charge requested by counsel for appellant, and which was refused by the court.

Several assignments of error are made to the charge of the trial judge and to his action in refusing to give special charges asked by appellant. Appellee objects to these assignments being considered by this court, because such were not made grounds in the motion for new trial, and cites quite an array of authorities in support of his position, none of which we think go to the extent claimed. The only authority known to us that supports this contention of appellee is the case of Hammond v. Garcia, decided by the Court of Civil Appeals, Fourth District, which asserts the broad doctrine, that no assignment of error will be considered by this court unless the objection urged therein was made a ground of the motion for new trial in the court below. 25 S. W. Rep., 823. We do not think this a correct construction of the statutes and the rules made by the Supreme Court for the government of this and the District Courts. Besides, such a construction is in direct conflict with the rule announced in Clark & Loftus v. Pearce, 80 Texas, 150. In that case, after stating, "that before it can be claimed that there is error in the ruling of the court upon the sufficiency of the evidence to support the finding of the jury, the action of the court upon the matter should be invoked by a motion for a new trial which states specifically the grounds for which the verdict is sought to be annulled," Stayton, C. J., who rendered the opinion for the court, says: "In regard to the rulings of the court upon exceptions to the pleadings, the admission of evidence, and the giving or refusal of instructions, a different rule prevails. Having once acted, it is not to be presumed that the judge will change his ruling; and hence, in order to appeal from such action, it is not necessary that it be made ground for a new trial. But it is always optional and proper to do so."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 17, 1894.