## J. W. ARMSTRONG v. WILLIAM HIX ET AL.

### No. 2405. Decided April 14, 1915.

**1.—Verdict—Judgment.**

The judgment must be in accordance with the verdict of the jury. The court may set aside a verdict unwarranted by law or fact, but can not disregard it and render a judgment *non obstante veredicto*. (P. 198.)

**2.—Same—Case Stated.**

Plaintiffs sued to recover an undivided part interest in land arising as a resulting trust from their funds having been used in its purchase by one who took legal title in her own name. Defendant claimed to be an innocent purchaser for value from such holder of the legal title, and the jury, by special verdict on that issue, found in his favor. Held that it was error in the court to render judgment for plaintiff in disregard of such finding, which it had not set aside. (Pp. 196-198.)

**3.—Innocent Purchaser—Resulting Trust.**

A resulting trust arising from the payment of one's funds for the purchase of land the legal title to which is taken in another by the conveyance, being merely a secret equity, will not prevail against an innocent purchaser from the holder of the legal title. (P. 199.)

Error to the Court of Civil Appeals, Third District, in case on error from Johnson County.

William, Ernest, and John S. Hix sued Armstrong for recovery of an undivided interest in land. Defendant's plea of limitation was sustained as against William and Ernest, and disallowed as to John S. His plea of innocent purchaser was sustained as to all the plaintiffs by the verdict, which was by special findings. The trial court rendered judgment on this verdict in favor of John S. Hix, but against the other plaintiffs, and denied defendant Armstrong's motion to set it aside and render judgment in his favor, on the verdict, against all the plaintiffs. Both plaintiffs and defendants carried the case by writ of error to the Court of Civil Appeals, where the judgment was affirmed. Armstrong then obtained writ of error from the Supreme Court.

*O. T. Plummer* and *S. C. Padelford,* for plaintiff in error.—When a case is submitted to a jury and a verdict is rendered, the court has no authority to enter a judgment contrary to the verdict. Derrett v. Britton, 35 Texas Civ. App., 485, 80 S. W., 563; Davis v. Harmon, 9 Texas Civ. App., 356, 27 S. W., 493; Thompson v. Rust, 32 Texas Civ. App., 441, 74 S. W., 924; Kinkaid v. Levy (Mo.), 131 S. W., 759; Southwestern T. & T. Co. v. James, 41 Texas Civ. App., 560, 91 S. W., 654; Davis v. Pullman Co., 34 Texas Civ. App., 621, 79 S. W., 636-7; H. & T. C. Ry. Co. v. Strycharski, 92 Texas, 9-10; Henne & Meyer v. Moultrie, 97 Texas, 216, 77 S. W., 608; Scott v. F. & M. Nat. Bank, 66 S. W., 493; Ripley v. Wenzel, 139 S. W., 898-899; arts. 1986-1990, Revised Civil Statutes; Fant v. Sullivan, 152 S. W., 515; Tobin v. McComb, 156 S. W., 237; Kirkland v. Matthews, 162 S. W., 375;

Smith v. Hessey, 134 S. W., 256; Darden v. Taylor, 126 S. W., 945; Scott v. F. & M. Nat'l Bank, 66 S. W., 493.

A resulting trust must be proven by clear and satisfactory evidence and either actual or constructive notice to the purchaser must be shown to defeat his title, or such facts or circumstances must be brought to his knowledge as to require him to investigate the title as a reasonably prudent man would do under such circumstances. Mead v. Randolph, 8 Texas, 199; Hall v. Layton, 16 Texas, 278; Cuney v. Dupree, 21 Texas, 218.

The mere fact that Mrs. Mollie Duncan's inventory in the probate court of Johnson County, Texas, showed that she and her wards at that time owned a certain number of cattle, and her report to the probate court showed that she sold the said cattle to Hix Duncan, and charged herself as guardian of the estate of her said wards with one-half of the proceeds of the sale, does not in law amount to what is known as constructive notice to the plaintiff, J. W. Armstrong, and if it did it would be merely a circumstance to show that the note which Hix Duncan executed to Mrs. Mary Duncan was given for said cattle. The note on its face does not show this fact; does not show but what the note was given for borrowed money, or for other property. Neither the note upon which this suit was brought, nor the judgment and execution therefrom under which the land was sold and purchased by Mrs. Duncan, nor the sheriff's deed executed to Mrs. Duncan for the land in controversy, in any way shows that the plaintiffs in the court below had any interest in the land in controversy, but all of said record evidence of the title of Mrs. Duncan showed that she was the sole and only owner in her own right of said land.

*F. E. Johnson* and *W. B. Harrell,* for defendant in error.—When special issues are submitted and the jury find the facts thereunder in accordance with the testimony submitted to them, it is the duty of the court, to render judgment upon said special findings of the jury in accordance with the law applicable. Scott v. Farmers and Merchants Nat'l Bank, 66 S. W., 485; Harwood v. Blythe, 32 Texas, 803; R. S. 1333.

The evidence showing that the jury having found therefrom that the land in controversy was purchased by Mrs. Mollie F. Duncan, guardian of the plaintiffs, and one-half of said land paid for by property belonging to plaintiffs, title vested in plaintiffs at the time of said purchase and being thereafter held in trust for plaintiffs by said guardian, Armstrong could not become an innocent purchaser of said land. Blankenship v. Douglas, 26 Texas, 225, 82 Am. Dec., 608; Brown Hdw. Co. v. Marwitz, 10 Texas Civ. App., 458, 32 S. W., 78; Hix v. Armstrong, 106 S. W., 317, 108 S. W., 798.

The court properly rendered judgment in favor of J. S. Hix for the rental value of his undivided interest in the land in controversy, the evidence being that Armstrong had notice on the 8th day of October, 1894, that Mrs. Duncan had some children or some heirs that might

give some man trouble about the title to the land, and that it would be well to look into that, and the evidence being that the records showed the qualification of Mrs. Duncan as the guardian of the Hix children and showed the cattle as community property, and showed the sale of the same, and the suit on the note and the execution issued and levied on this land, and that Armstrong never paid the purchase price for this land and never had a deed delivered to him for the same until the 29th day of December following, the court should have as a matter of law instructed the jury that he could not be an innocent purchaser. Blankenship v. Douglas, 26 Texas, 225, 82 Am. Dec., 608; Brown Hdw. Co. v. Marwitz, 10 Texas Civ. App., 458, 32 S. W., 78; Hix v. Armstrong, 106 S. W., 317, 108 S. W., 798; Smith v. Lumpkin, 66 Texas, 242; McCoy's heirs v. Crawford, 9 Texas, 354; Rev. Stats. (1895), arts. 1853, 2555, 2557.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

From the opinion of the Court of Civil Appeals we make the following extract:

"William, Ernest and John S. Hix brought this suit against J. W. Armstrong, defendant in error herein, to recover a one-half undivided interest in 129 acres of land, for rents thereon, and for partition of their interest therein; and against the Mortgage & Trust Company of Pennsylvania to cancel a deed of trust alleged to have been given by Armstrong thereon to it, so far as the same affected plaintiffs' interest therein, alleging ouster by defendant in error, who claimed title through Mary F. Duncan, but alleging that she could not confer title on him, except as to one-half thereof, because only one-half of the purchase price paid therefor belonged to her, and the other half belonged to them; and, notwithstanding the fact that the deed was taken in her name, yet by reason of the fact that their money paid for one-half of said land, a resulting trust arose therefrom in their favor for said one-half interest.

"Defendant Armstrong answered, first by plea of not guilty; second, by three years limitation; third, two years limitation against rent; fourth, improvements on said land in good faith; and fifth, that he was an innocent purchaser for value without notice. The Mortgage & Trust Company answered that it acquired the notes and mortgages in good faith, and prayed for judgment declaring that it have a superior lien on said land as against all the parties to said suit."

. . . . . . . . . . . . .

"There was a jury trial, resulting in a verdict and judgment in behalf of John S. Hix against defendant Armstrong for ten acres of the land and $55 as rents thereon, but in favor of defendant Armstrong as against the other two plaintiffs; and likewise judgment in behalf of the mortgage company establishing its lien as superior to the interest of the others in said land, providing, however, that if said tract of land was ever sold to satisfy said lien the part so owned by Armstrong should first be sold and exhausted before subjecting that of John S. Hix thereto.

For a fuller and more comprehensive statement of the issues, as well as the evidence submitted in support thereof, see Hix v. Armstrong, 101 Texas, 271, 106 S. W., 317, and Hix v. Armstrong, 108 S. W., 797.

"The plaintiffs, as well as the defendant Armstrong, have each sued out writs of error from the above judgment, and while presenting many reasons urging that the judgment should be reversed, we think it necessary only to consider those that must, in our judgment, have controlling effect in the disposition of this appeal.

"The first error assigned by plaintiffs in error was the refusal on the part of the court to direct a verdict in their behalf for their proportionate share of the land and the rental value thereof, asserting by their first proposition thereunder that since the evidence established that Mary F. Duncan was the guardian of plaintiffs and as such, received in her possession the property of plaintiffs with which she acquired the land in controversy, she held title to said land as trustee for the plaintiffs, and her subsequent sale of the same to Armstrong, who bought with notice of plaintiffs' title thereto, entitled them to recover, and the court should have so charged the jury. The evidence showed that Mary F. Duncan, under whom defendant in error Armstrong claimed the land, paid for one-half thereof with money belonging to plaintiffs, taking title in her own name. This being true, she could only convey to Armstrong a one-half interest in said land. A resulting trust arising, by reason of the above facts, in behalf of plaintiffs, she must be held to be a mere trustee for their benefit as to the other half of said land, and, therefore, said sale by her to Armstrong did not divest title out of plaintiffs to their half thereof. See Hix v. Armstrong, 106 and 108 S. W., supra; also Blankenship v. Douglas, 26 Texas, 225; 82 Am. Dec., 608; Brown v. Marwitz, 10 Texas Civ. App., 458, 32 S. W., 78; Smythe v. Lumpkin, 66 (62) Texas, 242; McCoy v. Crawford, 9 Texas, 354. While this contention on the part of plaintiffs is correct on this feature of the case, still, since the evidence required a submission of the issue of limitation pleaded by defendant, it would have been error to have given it. Besides, the plea of innocent purchaser could not be raised under the facts in evidence, and therefore the action of the court is immaterial, for which reason we overrule this assignment.

"It is unnecessary to consider the remaining assignments of plaintiffs in error, as they, in effect, complain of rulings of the court in refusing charges and admitting evidence relative to the issue of Armstrong's being an innocent purchaser. This issue, as we conceive, was not in the case, and it was immaterial what may have been the ruling of the court in regard thereto; for which reason they are all overruled.

"Both plaintiffs in error and defendant in error have filed cross-assignments, the consideration of which, however, we deem unnecessary, since the matters covered by them have been, we think, heretofore disposed of; but even if they have not been, these assignments can not be considered, since a special verdict was rendered upon special issues submitted by the court, and said cross-assignments failed to show that

any motion was made to set aside the findings of the jury in the respects complained of in the lower court, said respective cross-assignments therefore are each and all overruled. See Smith v. Hessey, 134 S. W., 256."

The Court of Civil Appeals entered judgment affirming the judgment of the District Court, in the following language:

" 'Believing that the justice of the case has been reached and no reversible error shown, the judgment of the trial court is affirmed.' "

Article 1994 of Vernon's Sayles' Texas Civil Statutes reads as follows:

"The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all relief to which he may be entitled either in law or equity."

That statute requires the court to frame its judgment so as to give to the parties who are successful the relief which they may be entitled to under the law or by equity in accordance with the verdict rendered by the jury.

The trial court has the right to set aside a judgment because it is contrary to the evidence or for the want of evidence to support it, but it cannot disregard the verdict of the jury and enter a judgment which is contrary thereto. Houston & Texas Central Railroad Company et al. vs. Martin Strycharski, 92 Texas, 1.

In the case cited the article above quoted is copied in the opinion of the court and the following comment made in explanation thereof:

"It is made the duty of the court to enter its judgment in conformity with the verdict, whether it be correct or not, and whether the error in the verdict, if there be any, arose from erroneous instructions or rulings by the court or from a misinterpretation of the evidence by the jury. Claiborne v. Tanner, 18 Texas, 68; Lloyd v. Brinck, 35 Texas, 1; Clark v. Pearce, 80 Texas, 146, 15 S. W., 787. The act of the judge in entering judgment upon the verdict is merely ministerial, and he can not disregard the verdict if it is responsive to the issues submitted and in proper form. It follows that the District Court did not commit error in overruling the plaintiffs' motion to enter judgment in disregard of the verdict of the jury, and the judgment of the Court of Civil Appeals can not therefore be sustained upon the ground that the District Court should have entered like judgment upon the verdict."

Claiborne and others v. Susan Tanner's heirs, 18 Texas, 68; Clark & Loftus v. Mary T. Pearce, 80 Texas, 151, 15 S. W., 787.

The judgment entered by the court in this case was in utter disregard of the verdict of the jury which found in favor of the plaintiffs below and therefore no matter that the evidence may have been such that the court would have made a decision contrary to that to which the jury arrived, even though the evidence be insufficient to sustain the verdict, still the judgment must follow the verdict as it is rendered by the jury, leaving the court power to set it aside because of error either in disregarding the law as given to them or in misconstruction or disregard of the evidence in the case.

The evidence in this case is sufficient to show that the defendants in error, Hix et al., were the children of Mrs. Elzie Hix and her husband, who had been dead for a number of years before this transaction occurred. The land in controversy was purchased by Mrs. Hix with the proceeds of property which was community property between her and her deceased husband. Therefore the land in controversy, although in the name of Mrs. Hix, belonged to her and her children, that is, she had the legal title to the land, the children having the equitable title to one-half of it. There was nothing in connection with the instrument itself nor any fact known to Armstrong which would put him upon notice that she held the land for herself and in trust for her children. The recorded deed and the only title that existed of which Armstrong had any notice or could have obtained any information showed that she was the legal owner of the land that she was selling to him. Armstrong claimed, and there is no evidence to the contrary, that without any notice of the equitable right of the children in the land he purchased from the mother, Mrs. Hix, in good faith and paid her a valuable consideration therefor. The effect of such conveyance was to place in Armstrong full title to the land free from the secret and undisclosed equity of Mrs. Hix's children. Rousel v. Stanger, 73 Texas, 670, 11 S. W., 906.

The cases cited from our State are so full and complete upon this subject that we deem it unnecessary to comment upon them, but we call attention to the case of Pouncey v. May, 76 Texas, 565, 13 S. W., 383, which is so nearly analogous to this as to be directly in point. In that case the husband had bought the land in the lifetime of the wife and took a deed in his own name, which was not recorded. The wife died and after her death, the deed having been destroyed, the husband secured another deed in his name, without disclosing the fact that the children had any interest whatever in the property. The deed was duly recorded and subsequently the husband conveyed the land to an innocent purchaser for value who had no knowledge of the former deed or of the claim of the children through the interest of the deceased wife. This court held that the purchaser from the husband under such conditions took the title free from the equity of the heirs of the deceased wife. The similarity of the two cases and the applicability of the last case cited to the one under consideration is so apparent as to render any comment unnecessary.

We have thought it proper in reversing and remanding this case to guard against a repetition of the error which was committed in the court below and announce here clearly and distinctly that under such conditions the secret equity will not prevail against an innocent purchaser, for value, of the legal title.

The judgments of the Court of Civil Appeals and the District Court are reversed and the cause is remanded.

*Reversed and remanded.*