**SHELL OIL CO. v. DENNISON, Judge, et al.**

**No. 3958.**

Court of Civil Appeals of Texas. El Paso.

Oct. 19, 1939.

H. W. Varner, of Houston, for relator.

No brief for respondents, but J. A. Moore, of Odessa, for Weddle, respondent in trial court, and Judge A. H. Dennison appeared only by waiver of service, in pro. per.

WALTHALL, Justice.

On March 24, 1939, respondent, Joe Weddle, filed a suit in the County Court of Ector County complaining of relator herein, Shell Oil Company, in which suit respondent Weddle alleged, in substance, that he was the owner of a grass lease covering certain lands in Ector County, Texas, and fully describing said lands, and that he, respondent, was using said land on which to feed and raise hogs and cattle; that relator, Shell Oil Company, had some oil wells upon the said lands; that relator was negligent in operating said oil wells in that relator allowed the oil and gas to spray over the surface of said lands, and that the oil wells were allowed to remain open and spray oil over a

large portion of the surface of said lands, thereby killing the grass; that his cattle grazing on said lands had eaten the grass sprayed by the oil; that certain of his cows had lost their calves, and that all the cattle he had on the land had become sick and had lost in weight, stating the loss in pounds; that the grass on 320 acres of his land was completely destroyed by the flowing of said oil. By reason of the matters stated respondent fixed his damages at $472.50, for which he asked judgment.

Relator answered in said suit by demurrers, general and special, by general denial and by special answer to the effect that long prior to and at and during the time of respondent's use of the surface relator had a recorded oil and gas lease on all of the lands involved, under the terms of which, express and implied, relator was given the right of ingress and egress for the purpose of mining and operating for oil and gas, laying pipe lines and building tanks, power stations and structures upon said property to produce, save and take care of oil and gas underlying said lands, of which respondent had notice. Relator pleaded other matters, but the view we take of the case we need not state them here.

Respondent's suit was tried with a jury and submitted upon special issues. Respondent A. H. Dennison was the presiding trial County Judge, who tried the case. All issues were submitted on a preponderance of the evidence.

The following special issues were submitted to and found by the jury:

1. The acts of defendant Shell Oil Company in allowing its wells to flow after they had been shot with nitroglycerin until said wells should clean themselves out was a usual and customary mode of procedure in bringing in oil and gas wells on the property involved herein.

2. Defendant Shell Oil Company did not fail to pipe the oil flowing from its wells to its tanks as soon as reasonably possible after said wells had cleaned themselves out following a nitroclycerin shot.

3. "Do you find from a preponderance of the evidence that the failure, if any you have so found, of Shell Oil Company, Incorporated, to pipe the oil flowing from its wells to its tanks as soon as reasonably possible after said wells had cleaned themselves out following a nitroglycerin shot was negligence, as that term has been defined. Answer yes or no." The jury answered: "No."

Special Issue No. 4 is omitted in the record.

5. The negligence, if any, referred to in connection with Issue No. 3, was not the proximate cause of the injury, if any, sustained to plaintiff's grass.

6. The negligence, if any, referred to in connection with Issue No. 3, was not the sole proximate cause of the injury, if any, sustained by plaintiff's cows.

7. Submitted conditionally, that if plaintiff, through the negligent acts of defendant, did suffer damages to his grass on the lands as alleged, then state the number of acres, if any, so damaged. Answer in acres. The jury answered: "No acres."

8. "What do you find to be the reasonable value of the grass destroyed, if any, on the land (described as in the petition) during the year beginning March 1, 1938? Answer in cents per acre." The jury answered: "None."

9. "From a preponderance of the evidence how many head of cows belonging to the plaintiff, Joe Weddle, do you find to have been injured during the year beginning March 1, 1938, by the negligence, if any you have found, of the defendant, Shell Oil Company, Incorporated? Answer in numbers." The jury answered: "12."

10. "From a preponderance of the evidence how many pounds of weight did each cow of plaintiff lose during the year beginning March 1, 1938, as the result of the negligence, if any you have found, on the part of defendant. Answer in number of pounds." The jury answered: "150."

11. "Do you find that none of the injury sustained by plaintiff's cows during the year 1938 from being oiled was occasioned directly or as the acts and operations of parties or companies other than Shell Oil Company, Incorporated, on Sections 19 and 24? Answer yes or no." The jury answered: "No."

12. The jury found that the market value per pound of the weight lost by plaintiff's said cows was five and one-fourth cents.

13. The jury found that plaintiff was not guilty of contributory negligence in failing to burn the grass that was oiled from defendant's wells.

The record does not show any objection made to any of the issues submitted; nor were there any additional issues offered for submission.

Based upon the above issues and the findings of the jury thereto, the trial judge, Honorable A. H. Dennison, determined there was an irreconcilable conflict in the issues and answers thereto in Special Issues Nos. 2 and 3 on the one hand, and Special Issues Nos. 9 and 10 on the other hand, and the Court, so holding, entered an order of mistrial of the cause on the docket.

Relator, as defendant in said cause, filed a motion to vacate the order of mistrial and to enter judgment in its favor on the verdict. The Court overruled the motion, still holding the verdict presented irreconcilable conflicts as above, and for that reason no proper judgment could be entered thereon. The Court, by order entered, extended the August Term of the County Court until the mandamus proceedings now applied for should be heard and determined by this Court.

Defendant in the above suit, relator in this proceeding, filed its application for the writ of mandamus on August 28, 1939, directed to the Honorable A. H. Dennison as Judge of the County Court of Ector County, Texas, directing said Judge of said court to vacate the said order of mistrial entered by him in said cause No. 570, styled Joe Weddle v. Shell Oil Company, Incorporated, and further directing the Honorable A. H. Dennison, as Judge of the County Court of Ector County, Texas, to render judgment therein in favor of relator that relator go hence with its costs, and for such further relief as relator may be entitled to receive.

The cause No. 570, styled Joe Weddle, Plaintiff, v. Shell Oil Company, Inc., Defendant, and the proceedings had on the trial thereof, are sufficiently stated.

■ Under Article 1824 of the Revised Civil Statutes of this State, 1925, as amended in 1929 by the Acts of the 41st Legislature, page 68, Chapter 33, Section 1, effective June 12, 1929, Vernon's Ann.Civ. St. art. 1824, this Court has original jurisdiction to issue writs of mandamus to compel a judge of the County Court to proceed to trial and to judgment in a cause pending before said court, where it appears from the verdict and order refusing to render and enter judgment thereon that the act is not based on exercise of discretion, but is purely ministerial. Dallas Railway & Terminal Co. v. Watkins et al., 126 Tex. 116, 86 S.W.2d 1081, and the cases there referred to; Citizens State Bank of Frost v. Miller, County Judge, Tex.Civ.App., 115 S.W.2d 1183.

■ The entry of judgment upon a valid verdict involves no judicial or discretionary powers, but is simply a ministerial act to be performed by the presiding judge. Lloyd v. Brinck, 35 Tex. 1; Clark & Loftus v. Pearce, 80 Tex. 146, 15 S.W. 787; Armstrong v. Hix, 107 Tex. 194, 175 S.W. 430; Gulf C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296; 25 Tex.Jur., page 426, Sect. 59.

■ It is the duty of the trial court to reconcile apparent conflicts in the jury's findings if this can be reasonably done in the light of the facts, the pleadings of the case and the manner in which the issues were submitted. Van Deventer v. Gulf Production Co., Tex.Civ.App., 41 S.W.2d 1029, writ refused, and in view of other findings, Lem Smith & Co. v. Sweatt, Tex. Civ.App., 72 S.W.2d 313; Fidelity & Casualty Co. v. Branton, Tex.Civ.App., 70 S. W.2d 780; Merritt v. King, Tex.Civ.App., 66 S.W.2d 464.

■ It has often been said that all the issues must be considered together as a whole, and if, when so considered, they admit of more than one reasonable construction, the court has power to apply that reasonable construction which it deems proper. First National Bank v. Rush, Tex. Com.App., 246 S.W. 349.

■ We think there is no conflict in the first three issues. In the third issue the jury found that the defendant was not negligent in failing to pipe the flow of the oil under the circumstances indicated by findings one and two. The fifth finding, in legal effect, is that the failure to shut off the flow of oil as in finding three, such failure not constituting negligence, was not the proximate cause of the plaintiff's injury sustained.

■ The only other question we think to consider is the sixth finding. The failure of the defendant Shell Oil Company to pipe the oil flowing from its wells to its tanks as soon as it was reasonably possible under the circumstances as submitted in issue three was not the sole proximate cause of the injury to plaintiff's cows. Issue three relieved defendant of any liability on account of such failure. There was no other issue of negligence submitted causing the injury complained of for

which defendant was charged to be responsible. We see no conflict between issue six and any other submitted issue.

Issues 7, 8, 9, 10 and 12 were submitted to ascertain the items of damage, in the event the jury found negligence under issue three. The jury having found no negligence, the other issues are out of the case.

We find that the record shows no irreconcilable conflict in the findings of the jury, and hence no ground sustaining the order of mistrial.

It is the judgment of this Court that the writ of mandamus must be granted as prayed for, and that respondent, Honorable A. H. Dennison, as Judge of the County Court of Ector County, Texas, be directed to vacate the order of mistrial entered in cause No. 570, styled Joe Weddle v. Shell Oil Company, Incorporated, and that said respondent render judgment in said cause in favor of relator that relator go hence without day and with its cost.