### THE J. S. BROWN HARDWARE COMPANY v. HERMAN MARWITZ.

#### No. 864.

1. **Community Property—Presumption—Resulting Trust.**—Land purchased by the husband with the separate funds of the wife, the deed being taken in the name of the wife, but containing no recital that the money was paid out of her separate estate, or that the purchase was intended for her separate use, vests the legal title in the community, and a resulting trust in the wife.

2. **Resulting Trust—Registration—Attachment Lien.**—A resulting trust is not within the statutes of registration, and an attachment or other statutory lien is not protected against the claim of the owner of such equitable estate.

3. **Same—Innocent Purchaser—Crediting Bid on Execution.**—A creditor having an attachment or other statutory lien, who purchases at execution sale and simply credits his bid on the execution, is not, though without notice, an innocent purchaser within the registration laws, as against a resulting trust.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*W. M. Jerdone* and *H. C. Mayer,* for appellant.—When the legal title to property is in one person and an equitable title (such as a resulting trust) to the same property is in another, if the holder of the legal title and the owner of the equitable title or cestui que trust join in a conveyance of the said property to a third person, the legal and equitable titles being thus united in the same person, the equitable title merges in the legal title, and the resulting trust is at an end, and said third person to whom said conveyance is made has full title to the property, free of any trust. Calvert v. Roche, 59 Texas, 463; 2 Washb. Real Prop., p. 507; 1 Spence Eq. Jur., p. 501; 1 Cruise Dig., p. 403; Sanders on Uses, p. 35; 2 Washb. Real Prop., p. 515 and cases cited; Gaines v. Bank, 64 Texas, 21; Grace v. Wade, 45 Texas, 522; Wallace v. Campbell, 54 Texas, 87; Bonner v. Grigsby, 84 Texas, 332.

*James B. & Charles J. Stubbs,* for appellee.—When a married woman is the equitable owner of land the apparent title to which is vested in

the community, and she, joined by her husband, sells and conveys the land, and the vendee fails to record his deed, a judgment creditor of the husband buying the property at sheriff's sale under foreclosure of an attachment which was levied after the land was sold by the husband and wife, although such creditor purchases with no notice of the true title, can not be a purchaser for value if the amount of his bid is credited on the execution. He would have acquired no title against the equity of the wife, and her vendee would succeed to all her rights in the land; and the fact that his deed was not registered would not deprive him of such right. Blankenship v. Douglass, 26 Texas, 225; McKamey v. Thorp, 61 Texas, 648; Parker v. Coop, 60 Texas, 111; Overstreet v. Manning, 67 Texas, 657; Cook v. Bremond, 27 Texas, 457; Michael v. Knapp, 4 Texas Civ. App., 464; Parker v. Fogarty, 4 Texas Civ. App., 615; Barnett v. Vincent, 69 Texas, 687; Koss v. Kornrumpf, 64 Texas, 390; Bailey v. Tindall, 59 Texas, 540.

PLEASANTS, Associate Justice.—This suit was brought in the form of trespass to try title by the appellee against the appellant, to recover a tract of $16\frac{90}{100}$ acres of land situated in Brazoria County; the defendant, the J. S. Brown Hardware Company, pleaded not guilty, and, in reconvention, pleaded title in itself, and prayed for judgment and for costs against plaintiff, and on trial of the cause by the court, without the intervention of a jury, judgment was rendered for plaintiff, and defendant appealed to this court.

The record discloses the following facts: Moore & Allen conveyed the property in question to Mrs. Fannie A. Dujay, in November, 1889, and the deed of conveyance was duly filed for record on the 19th of February, 1890, and recorded in the deed book of Brazoria County. Mrs. Dujay, at the time of the conveyance, was the wife of G. F. Dujay, and the deed contains nothing to show that the land was purchased with the separate funds of the wife, nor did the deed convey the land as the separate property of the vendee, but in fact the purchase was made with the separate funds of Mrs. Dujay. On the 4th of August, 1890, Mrs. Dujay, joined by her husband, Gilbert F. Dujay, conveyed the property by deed of warranty, for a consideration of $253.50, to J. E. Burke, which deed was filed for record in the office of the clerk of the County Court of Brazoria County, on the 31st of October, 1891. The defendant, the J. S. Brown Hardware Company, filed suit against the said Gilbert F. Dujay, and caused a writ of attachment to be levied on the land on the 29th of June, 1891, and the said writ with the return of the sheriff of Brazoria County, showing the levy thereof, was filed for record on the first day of July, and duly recorded in the records of said county on the 6th of July, 1891. Judgment was rendered for appellant against Gilbert F. Dujay on the 22nd of September, 1891, and execution awarded thereon, and execution was duly issued on said judgment; and on the 12th of April, 1892, the sheriff of Brazoria County levied on all the right, title, and inter-

est of the said Gilbert F. Dujay in and to said property at the time of the levy of the plaintiff's attachment, on the 29th of June, 1891; and the property, after advertisement of the levy and sale in accordance with the requirements of law, was sold at public auction, and was purchased by the appellee, and a deed was duly executed to him by the sheriff of Brazoria County on the 7th of June, 1892, and which deed was duly recorded in Brazoria County on the 19th of June, 1892. The appellant bid in the property at the sheriff's sale for the sum of $16.90. No money was paid for the land by the appellant, but a credit of a few cents was entered on the judgment. The appellant had no notice of the sale of the land by Mrs. Dujay and her husband to Burke until some months after the sale to him by the sheriff; nor did the appellant have notice that the land was the separate property of Mrs. Dujay until after the institution of this suit. Appellee deraigns title from Burke, Mrs. Dujay's vendee. The only question presented on these facts for our decision is, did the J. S. Brown Hardware Company acquire a lien upon the property through the levy of its attachment on the 29th of June, 1891? Unless the appellant did acquire a lien on the property, the judgment must be affirmed. It is true that the appellant had no knowledge when it purchased the land that it had been conveyed by Mrs. Dujay and her husband to Burke, nor had he knowledge that the property was ever claimed as her separate property by Mrs. Dujay. But this does not constitute the appellant an innocent purchaser; it was not a purchaser for a valuable consideration; it paid no money for the land; it only entered a credit upon its judgment against its debtor, Gilbert F. Dujay. McKamey v. Thorp, 61 Texas, 648; Delespine v. Campbell, 52 Texas, 593; Ayers v. Duprey, 27 Texas, 594. By simply crediting his bid on the execution, the appellant parted with nothing, and if his title prove to be worthless, he would be no worse off than before the purchase. The appellant can not therefore claim the protection which the law gives to a bona fide purchaser, without notice of adverse claim or right in or to property purchased at a judicial sale.

The land having been purchased with the separate funds of Mrs. Dujay, a resulting trust was thereby created for her; and such trusts are not within the operation of the statutes of registration. Douglas v. Blankenship, 26 Texas, 225. Consequently a creditor claiming a mere statutory lien is not protected against the claim of the owner of such an equitable estate, by reason of his want of knowledge of the existence of such an equity. This is conceded, as we understand appellant, to be the law, so long as the equitable estate is kept separate and apart from the legal; but it insists that whenever the legal and equitable titles are united in one and the same person, there is no longer a resulting trust, and the registration laws operated instanti upon the union of the two estates; and consequently the deed of conveyance from Mrs. Dujay and her husband to Burke, the appellee's vendor, not having been registered when the attachment sued out by

the appellant in its suit against Mrs. Dujay's husband was levied upon the property, the appellant, having no knowledge of the sale to Burke or of Mrs. Dujay's equity in the land, acquired by virtue of its levy a valid lien upon the property. In support of this proposition appellant cites the case of Calvert v. Roche, 59 Texas, 463. We concede there is language in the opinion delivered in that case which seems to sustain the contention of appellant; but such doctrine is in direct conflict with that announced in the case of Douglas v. Blankenship, supra. The decision in the case of Calvert v. Roche was not based on the proposition we are now discussing, and the language relied on by appellant may, we think, be treated as dicta only, and not as an essential part of the decision. But if we are mistaken in this, it is clear that the identical question was presented and expressly decided adversely to appellant in Blankenship v. Douglas. In that case, John J. Blankenship purchased a tract of land and took the deed in his name; subsequently he was sued by one of his creditors, and judgment was rendered against him, and this judgment, under the law as it then existed, was a lien upon all the real estate of the defendant situated in the county in which the judgment was rendered. Just before the rendition of the judgment, the defendant, John J. Blankenship, conveyed the land to David Blankenship, but the deed was not registered until after the judgment was rendered, but was registered before execution was levied upon the land. At the sale of the property under the execution the plaintiff purchased the land, and afterwards sold it to Douglas, who instituted suit against David Blankenship for the recovery of the land. The defense to this suit was, first, that the land was purchased by David Blankenship, and was paid for with his money; and second, that defendant was in possession of the land, under regular deed of conveyance from John J. Blankenship, at and before the rendition of the judgment against the latter in favor of plaintiff's vendor. Upon trial of the cause the evidence sustained the first ground of defense, but as to the second ground, the evidence did not sustain the averment of possession of the land by David Blankenship at the time judgment was rendered against John J. Blankenship. The court instructed the jury, that if the deed from John J. Blankenship to the defendant was not registered when the judgment was rendered against the former, they should find for the plaintiff. The defendant requested the court to instruct the jury, "that the execution of the deed from John J. Blankenship to the defendant does not operate as an estoppel upon the rights of David Blankenship, springing from the resulting trust in his favor, if there was such resulting trust." This charge was refused, and upon appeal to the Supreme Court that court held, that while the requested charge was not drawn with perfect accuracy in view of the law, it was sufficiently accurate to bring distinctly to the view of the court the proposition that there was an equity in David Blankenship, growing out of the circumstances of the original purchase from McCown by John

J. Blankenship, which equity was entitled to protection against the lien of the judgment recovered against John J. Blankenship; and that the court erred in not instructing the jury as to the equity claimed by the defendant, by reason of the circumstances under which the land was purchased by John J. Blankenship.

Inasmuch as an equitable estate, such as was acquired by Mrs. Dujay by her purchase from Moore & Allen, is exempt from the operation of the statute of registration, the same estate, we think, under the facts of this case, should be exempt from the operation of the same statute when conveyed to her vendee. The statute of registration, in declaring all unregistered deeds void as to creditors, has reference to deeds which have been executed by the debtor, conveying property upon which his creditors might acquire a lien; and the statute does not apply to a deed conveying property upon which the creditor could not acquire the lien which he seeks to assert, had the property never been conveyed by his debtor. Were the appellant asserting a lien acquired by contract with the husband of Mrs. Dujay, the law of registration would apply, but not so as to a statutory lien. To hold that the property in controversy was exempt from a statutory lien so long as it remained Mrs. Dujay's, but that such lien was acquired by the attaching creditor so soon as she conveyed it to Burke, it seems to us, with due deference to counsel, would be illogical, and not in consonance with the spirit and intent of the registration statute.

The judgment is affirmed.

*Affirmed.*

Delivered May 16, 1895.