Southwestern . Telephone & Telegraph Company v. Jasper G. James.

Decided February 7, 1906.

**1.—Judgment—Demurrer—Record.**

Error overruling special exceptions to plaintiff's supplemental petition can not be considered upon a record which shows only the overruling of exceptions to the petition, and that special exceptions were filed to both the original and the supplemental petitions.

**2.—Judgment—Notwithstanding Verdict.**

The practice of rendering judgment *non obstante veredicto* is not recognized in Texas, the authority of the court being confined to directing verdict in proper cases, to setting it aside if unwarranted, or withdrawing the case from the jury.

**3.—Damages—Settlement—Fraud—Promise of Employment.**

A contract settling plaintiff's claim for damages received while in defendant's employ can not be set aside as being obtained by fraud in promising plaintiff life employment with no intention of keeping such promise, where there is no evidence that it was not thereafter kept.

Appeal from the District Court of Travis County. Tried below before Hon. George Calhoun.

*Gregory & Batts* and *Geo. S. Wright,* for appellant.—The court erred in refusing to render judgment herein in defendant's favor *non obstante veredicto* because the cause of action, in case there was any cause of action whatever against defendant, was one for breach of contract and not for damages. Gulf, C. & S. F. Ry. Co. v. Minter, 85 S. W. Rep., 477; Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas, 81.

In order to set aside the release offered in evidence by the defendant the plaintiff must show that defendant made the promise for a life-time job, that the promise was made in bad faith at the time, with the purpose of cheating and defrauding the plaintiff, and that the defendant has failed and refused to fulfill said promise. Chicago T. & M. C. Ry. v. Titterington, 84 Texas, 218; Rapid Trans. R. Co. v. Smith, 98 Texas, 553; Gulf, C. & S. F. Ry. Co. v. Minter, 85 S. W. Rep., 477.

*Dickens & Cupp,* for appellee.—The court did not err in not rendering judgment, *non obstante veredicto,* because the question of fraud

was raised in both the pleadings and testimony of the plaintiff, and such question is for the jury, and the court had no authority to render judgment *non obstante veredicto.*    Prude v. Campbell, 85 Texas, 9; Brin v. McGregor, 64 S. W. Rep., 78.

FISHER, CHIEF JUSTICE.—The appellee sued the appellant for damages resulting from a fall from a telephone pole, which fall was caused by the negligence of the appellant.    Appellee at the time was in the employ of the appellant.

Among other defenses pleaded, the appellant set up a release signed by appellee as a satisfaction in full for all claims for damages he had sustained.    The appellee, by supplemental petition, attacked this release upon several grounds.    Verdict and judgment were in appellee's favor for $267.50.

Appellant's first assignment of error is to the effect that the court erred in overruling defendant's first special exception to plaintiff's first supplemental petition.    Defendant's answer also contained special exceptions addressed to plaintiff's first amended petition.    The judgment merely shows that defendant's general demurrer and special exception to plaintiff's petition were considered, and were overruled by the court.    There is nothing in the record indicating that the special exception to plaintiff's first supplemental petition was called to the attention of the trial court, and that it was overruled.

There are several assignments of error in the record in which it is claimed that the court erred in not rendering judgment in defendant's favor *non obstante veredicto.*    These assignments are overruled.    As we have previously held, the rule of *non obstante veredicto* is, in the practice in this State, at least so far as its enforcement by this court is concerned, obsolete.    A trial court has the power, in a proper case, to direct the jury to return a certain verdict; but if a case is submitted to a jury, and a verdict is returned, the court has not the authority to enter a judgment contrary to the verdict.    It has the power to set aside the verdict and grant a new trial; and it may possibly, in certain instances, have the authority to discharge a jury and withdraw the case from their consideration and render judgment; or, as before said, direct and instruct the jury as to the character of verdict to be returned.

But the assignment of error contained in the record, to the effect that the court erred in not setting aside the verdict and granting the defendant a new trial, is well taken.    The release or contract of settlement executed by the appellee is an impediment in the way of his recovery, unless some legal or equitable grounds are alleged and proven that would avoid its operation and effect.    While the supplemental petition inferentially attacks the release on several grounds, the only ground submitted by the charge as a basis for its avoidance is stated as follows:

"Plaintiff by supplemental petition in answer to defendant's pleas set out in defendant's answer, pleads that the said instrument pleaded by defendant was obtained by fraud in this, that at the time it was executed, the agent of the company who secured the same, represented to plaintiff that defendant would give plaintiff a good and steady job during all of his natural life, and that said representations were not

true, but false, and that the agent of defendant knew that they were not true but false at the time he made them, but the plaintiff believed said statements to be true, and was thereby induced to sign said instrument. . . . The burden of proof in this case is upon the plaintiff to prove by a preponderance of the testimony that defendant has been guilty of the negligence alleged by him; and further, that at the time he executed the release offered in evidence in this case, the agent of the company who procured the same, promised, in consideration of its execution, the defendant company would give him a job for life, and that said promise, if any promise there was, was not made in good faith, but was a false pretense to induce plaintiff to execute said release, and all other facts necessary to be proved to entitle plaintiff to recover." Then subdivision 3 of the charge proceeds to submit the question to the jury that if they believe from the preponderance of the evidence that the agent made the promise to plaintiff that he would have a good and steady job for life, and that plaintiff believed the promise, and the agent at the time he made it had no intention to keep it, but it was falsely and fraudulently made for the purpose of inducing the plaintiff to execute the release, then, substantially, to find in favor of the plaintiff on this branch of the case. The burden is upon the plaintiff to establish the facts, as submitted by the charge, before he would be entitled to disturb and question the release. The principal fact to be established is that the promise was made by appellant's agent, and that at the time he had no intention of performing the promise, and that it was falsely made with the view and purpose of obtaining the execution of the release.

We have read the record closely and have not been able to discover any fact that would justify the conclusion that the appellant has not, at all times, been ready and willing to keep and observe the promise. And, so far as it is shown by the evidence, it can not be ascertained but what at the time of the trial of the case in the court below, the appellee was still in the service and employ of the appellant. It does not appear that he has ever made any demands for employment and that it has been refused him.

Of course, it is true, a case might be imagined in which the falsity of a promise, and the purpose and intention not to keep and observe it at the time it was made, might be ascertained independent of subsequent developments that might follow. The gist of the plaintiff's case, so far as submitted in the charge of the trial court, is predicated upon the proposition that the promise was falsely made. Now, if it is true that plaintiff is still in the employment of the appellant, or the appellant has, without imposing any unusual restrictions, expressed a desire and willingness that he should continue in its employment, and has offered and still offers to comply with the promise made by its agent, it is difficult to see what ground of complaint the appellee would have. Such a state of facts would be almost conclusive evidence to the effect that the promise was not intentionally falsely made. There was no issue submitted suggesting the idea that the promise should be contained in the written instrument, and that either through mistake or fraud it was not so inserted. Nor was there a submission of any other question that might be suggestively raised in appellee's supplemental petition;

but the whole contest by the charge of the court is narrowed to the question whether the promise to furnish employment was made with the intention that it would not be kept. Viewing the evidence in relation to this issue, it is not sufficient to sustain the judgment.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*