HICKS et al. v. ARMSTRONG et al.

(Court of Civil Appeals of Texas. Austin. Nov. 15, 1911. On Motions for Rehearing, Jan. 24, 1912.)

1. TRUSTS (§ 72*)—RESULTING TRUST—PURCHASE-MONEY TRUST.

One who paid half of the purchase price of realty from money furnished by another, took title under a resulting trust in favor of such other as to half of the land, so that her subsequent sale thereof did not divest title from the beneficiary.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 102, 103; Dec. Dig. § 72.*]

2. TRIAL (§ 139*) — QUESTIONS FOR JURY — LIMITATIONS.

Though plaintiff in an action to recover land established a purchase-money trust to the land in his favor, it was error to direct a verdict for plaintiffs if the evidence required the submission of the issue of limitations.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 343; Dec. Dig. § 139.*]

3. APPEAL AND ERROR (§§ 1050, 1064*)—REVIEW—HARMLESS ERROR.

Complaints of rulings in refusing charges and admitting evidence with respect to an immaterial issue need not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166, 4219, 4221–4224; Dec. Dig. §§ 1050, 1064.*]

4. JUDGMENT (§ 199*)—JUDGMENT NOTWITHSTANDING VERDICT.

The court cannot disregard the verdict and render verdict non obstante veredicto, there being no such practice in Texas.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 367–375; Dec. Dig. § 199.*]

5. JUDGMENT (§ 199*)—JUDGMENT NOTWITHSTANDING VERDICT—IMMATERIAL ISSUES.

While judgment cannot as a rule be rendered notwithstanding verdict, where, in an action to recover land, the issue of innocent purchaser, set up by defendant, was immaterial, he not acquiring any title, an affirmative answer to a special interrogatory as to whether defendant was an innocent purchaser was properly ignored, and judgment rendered for plaintiff.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 367–375; Dec. Dig. § 199.*]

6. APPEAL AND ERROR (§ 237*).—PRESENTATION IN LOWER COURT OF GROUNDS OF REVIEW—FINDINGS.

Cross-assignments of error as to findings upon a special issue cannot be considered where they do not show that a motion was made below to set aside such findings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1386–1388; Dec. Dig. § 237;* Trial, Cent. Dig. §§ 228–252.]

On Motions for Rehearing.

7. APPEAL AND ERROR (§ 832*)—REHEARING—ASSIGNMENTS OF ERROR—WAIVER.

Appellant cannot claim on motion for rehearing that he was entitled to more land than was awarded him in an action to recover land, where his brief on the original hearing did not present the question showing specifically the reasons upon which his contention was based, though there was an assignment of error directed to that point.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3215–3228; Dec. Dig. § 832.*]

Error from District Court, Johnson County; O. L. Lockett, Judge.

Action by William Hicks and others against J. W. Armstrong and others. Judgment for plaintiff John S. Hicks against defendant Armstrong and for defendant Armstrong against the other plaintiffs and for defendant Mortgage & Trust Company of Pennsylvania establishing a lien under a deed of trust, and plaintiffs and defendant Armstrong bring error. Affirmed.

S. C. Padelford and O. T. Plummer, for plaintiffs in error. F. E. Johnson and W. B. Harrell, for defendant in error.

RICE, J. William, Ernest, and John S. Hicks brought this suit against J. W. Armstrong, defendant in error herein, to recover a one-half undivided interest in 129 acres of land, for rents thereon and for partition of their interest therein; and against the Mortgage & Trust Company of Pennsylvania to cancel a deed of trust alleged to have been given by Armstrong thereon to it, so far as the same affected plaintiffs' interest therein, alleging ouster by defendant in error, who claimed title through Mary F. Duncan, but alleging that she could not confer title on him, except as to one-half thereof, because only one half of the purchase price paid therefor belonged to her, and the other half belonged to them; and, notwithstanding the fact that the deed was taken in her name, yet by reason of the fact that their money paid for one-half of said land, a resulting trust arose therefrom in their favor for said one-half interest.

---

Defendant Armstrong answered, first, by plea of not guilty; second, by three years' limitation; third, two years' limitation against rent; fourth, improvements on said land in good faith; and, fifth, that he was an innocent purchaser for value without notice. The Mortgage & Trust Company answered that it acquired the notes and mortgage in good faith, and prayed for judgment declaring that it have a 'superior lien on said land as against all the parties to said suit. Plaintiffs in their supplemental petition, in addition to general and special exceptions, pleaded their minority in avoidance of defendant's pleas of limitation, and alleged facts going to show that he had knowledge of plaintiffs' interest in the land at the time he purchased same, and therefore could not be an innocent purchaser without notice for value.

There was a jury trial, resulting in a verdict and judgment in behalf of John S. Hicks against defendant Armstrong for ten acres of the land and $55 as rents thereon, but in favor of defendant Armstrong as against the other two plaintiffs; and likewise judgment in behalf of the mortgage company establishing its lien as superior to the interest of the others in said land, providing, however, that if said tract of land was ever sold to satisfy said lien the part so owned by Armstrong should first be sold and exhausted before subjecting that of John S. Hicks thereto. For a fuller and more comprehensive statement of the issues, as well as the evidence submitted in support thereof, see Hix v. Armstrong, 101 Tex. 271, 106 S. W. 317, and Hix v. Armstrong, 108 S. W. 797.

The plaintiffs, as well as the defendant Armstrong have each sued out writs of error from the above judgment, and while presenting many reasons urging that the judgment should be reversed, we think it necessary only to consider those that must, in our judgment, have controlling effect in the disposition of this appeal.

The first error assigned by plaintiffs in error was the refusal on the part of the court to direct a verdict in their behalf for their proportionate share of the land and the rental value thereof, asserting by their first proposition thereunder that since the evidence established that Mary F. Duncan was the guardian of plaintiffs and as such, received in her possession the property of plaintiffs with which she acquired the land in controversy, she held the title to said land as trustee for the plaintiffs, and her subsequent sale of the same to Armstrong, who bought with notice of plaintiffs' title thereto, entitled them to recover, and the court should have so charged the jury.

[1] The evidence showed that Mary F. Duncan, under whom defendant in error Armstrong claimed the land, paid for one-half thereof with money belonging to plaintiffs, taking title in her own name. This be-ing true, she could only convey to Armstrong a one-half interest in said land. A resulting trust arising, by reason of the above facts, in behalf of plaintiffs, she must be held to be a mere trustee for their benefit as to the other half of said land, and therefore, said sale by her to Armstrong did not divest title out of plaintiffs to their half thereof. See Hix v. Armstrong, 106 S. W. 317, and 108 S. W. 797, supra; also Blankenship v. Douglas, 26 Tex. 225, 82 Am. Dec. 608; Brown v. Marwitz, 10 Tex. Civ. App. 458, 32 S. W. 78; Lumpkin v. Smith, 62 Tex. 249; McCoy v. Crawford, 9 Tex. 354.

[2] While this contention on the part of plaintiffs is correct on this feature of the case, still, since the evidence required a submission of the issue of limitation pleaded by defendant, it would have been error to have given it. Besides, the plea of innocent purchaser could not be raised under the facts in evidence, and therefore the action of the court is immaterial, for which reason we overrule this assignment.

[3] It is unnecessary to consider the remaining assignments of plaintiffs in error, as they, in effect, complain of rulings of the court in refusing charges and admitting evidence relative to the issue of Armstrong's being an innocent purchaser. This issue, as we conceive, was not in the case, and it was immaterial what may have been the ruling of the court in regard thereto; for which reason they are all overruled.

[4, 5] Defendant in error Armstrong, who likewise sued out a writ of error, asks that the judgment against him in favor of John S. Hicks be reversed, because it is urged that the court erred in disregarding the findings of the jury in his favor on his plea of innocent purchaser, and rendering judgment against him in favor of John S. Hicks for 10 acres of land and $55 as rents thereon. The case was submitted to the jury on special issues. Among others submitted was this: "Was Armstrong an innocent purchaser in good faith at the time he bought the 239 acres of land from Mrs. Mollie F. Duncan?" To which the jury answered, "Yes," and he claims that it was error not to have rendered judgment for him for all of the land on this finding, on the ground that the court cannot disregard the verdict and render judgment non obstante veredicto, citing Telegraph Co. v. James, 41 Tex. Civ. App. 560, 91 S. W. 654; Scott v. F. & N. Bank, 66 S. W. 493, and other cases. It is held by Chief Justice Fisher in the case first cited that the practice of rendering judgment non obstante veredicto is obsolete in Texas, and that the court has no power to render judgment as against the verdict, but in such instances could grant relief only by setting aside the verdict and granting a new trial. While this is true, still, in the present case no error, we think, was committed because of the fact that the issue so presented on

the question of innocent purchaser was wholly immaterial. It would have been the duty of the court, if no other issue had been presented by the defendant in error than this one, to have directed a verdict in behalf of plaintiffs in error, for which reason we do not think there was any error in disregarding this part of the verdict and rendering judgment in behalf of plaintiff in error John S. Hicks.

We overrule the remaining assignments presented on the part of defendant in error, for the reason that they are, in our judgment, without merit.

[6] Both plaintiffs in error and defendant in error have filed cross-assignments, the consideration of which, however, we deem unnecessary, since the matters covered by them have been, we think, heretofore disposed of; but, even if they have not been, these assignments cannot be considered, since a special verdict was rendered upon special issues submitted by the court, and said cross-assignments failed to show that any motion was made to set aside the findings of the jury in the respects complained of in the lower court, said respective cross-assignments therefore are each and all overruled. See Smith v. Hessey, 134 S. W. 256.

Believing that the justice of the case has been reached and no reversible error shown, the judgment of the trial court is affirmed.

Affirmed.

### On Motions for Rehearing.

All the parties hereto have filed their respective motions for rehearing herein. Plaintiffs in error insist that the judgment of this court affirming the judgment of the court below in favor of John S. Hicks for 10 acres of land and $55 rent, is erroneous, in that it does not accord him the amount of land or rent to which he is entitled, claiming that judgment should have been in his favor for $18^{13}/_{16}$ acres of land and $108.93, including rent and interest, and asking that we reform and render the judgment in his favor for said amounts; basing this contention upon the theory that he and his coplaintiffs were entitled to a one-half interest in and to 129 acres of the land in controversy, and their proportionate share of rent thereon for a period of two years prior to the filing of suit. While plaintiffs in error, including John S. Hicks, did raise this question in their motion for a new trial as filed in the court below, and also incorporated the same in their assignments of error filed in the trial court, still, this assignment is not copied in their brief, nor is there any assignment in their brief specifically raising the question now presented.

Defendant in error Armstrong on this phase of the case contended that the judgment in favor of John S. Hicks as rendered was erroneous, for the reason that he was not entitled to any land nor any rent under the verdict rendered, and insisting that the judgment should be reversed and remanded.

John S. Hicks in his reply brief urges that said judgment for 10 acres of land and $55 rent, assailed by defendant in error, was correct, and that it should not be set aside for the reasons assigned by the latter.

[7] We are not prepared to concede the correctness of plaintiffs in error's contention that John S. Hicks was entitled to one-third of one-half of the land and rents thereon, as claimed by them in the first instance, because this would be against the finding of the jury on this phase of the case; but, even if he was entitled to more than was in fact awarded him, still, not having presented the question in his brief, showing specifically the reasons upon which his contention was based, irrespective of whether he is estopped by reason of his apparent inconsistent contention set forth in his reply brief, he must be regarded as having waived his right to complain of such supposed error, and cannot for the first time present the question in this court by motion for rehearing.

Motions overruled.