## LEMM et al. v. MILLER et al.　(No. 826.)*

(Court of Civil Appeals of Texas. Beaumont. Nov. 11, 1922. Rehearing Denied Nov. 22, 1922.)

**1. Trial ⬤⟳350(2)—Construction and application of field notes held mixed question of law and fact.**

Where a landowner gave a deed of trust covering certain land subsequent to the levy of an attachment on property alleged to be the same as that covered by the trust deed, submission to the jury of an issue as to whether the recording of the sheriff's return on the attachment was sufficient to put a person of ordinary prudence on inquiry as to whether the property described in the attachment was the property on which the deed of trust was fixed *held* not a submission of a pure question of law, since the construction of field notes and their application to any particular tract is always a mixed question of law and fact.

**2. Judgment ⬤⟳256(3)—Trial ⬤⟳360—On failure to set aside verdict on issue submitted, trial court must enter judgment thereon, and issue cannot be disregarded as surplusage.**

Where a verdict on an issue of mixed law and fact is returned, and the trial court fails to exercise his discretion to set aside the verdict and grant a new trial, the issue could not be disregarded as surplusage, and the duty rests on the court to enter the judgment on the jury's findings, and his act in so doing involves no discretion, but is purely ministerial.

**3. Appeal and error ⬤⟳1175(6)—Judgment entered on issue disregarded as surplusage.**

Where court erroneously disregarded as surplusage finding of jury on an issue properly submitted, appellate court must render judgment on the issue as found.

**4. Appeal and error ⬤⟳171(1)—Parties limited to theory on which case tried.**

On appeal parties are limited to the theory on which they tried the case.

**5. Limitation of actions ⬤⟳39(1)—Suit to set aside sheriff's sale held barred by four-year statute.**

Where on a debt against a husband an attachment lien on real property was foreclosed and the land sold by the sheriff, the wife's suit to set aside the sheriff's sale on the ground that the property was her separate property was barred by the four-year statute of limitation, where the issue was not raised until more than four years after the sale, and no excuse for the delay was shown.

**6. Husband and wife ⬤⟳49½(7)—Conveyance by husband to wife presumed gift as separate property.**

Where a husband conveys land to his wife, the presumption arises that he intends it as a gift to her as her separate property.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Suit by Eli Lemm against Betty W. Miller, D. F. Kramer, Elise Kramer, Charles B. Genusa, and the J. B. Farthing Lumber Company, wherein defendants Kramer prayed recovery against defendants Genusa and Betty W. Miller, and wherein defendant Genusa prayed affirmative relief. As between defendants Kramer and the other defendants, judgment was instructed against Elise Kramer and in favor of defendant Genusa, and also in favor of defendant Miller. Judgment for defendant Genusa was rendered, quieting his title against all claims asserted by plaintiff, and plaintiff and defendant Elise Kramer appeal. Judgment as between defendants Kramer and Genusa affirmed, as between defendants Kramer and defendant Miller reversed and remanded, and as between plaintiff and defendant Genusa reversed and rendered.

Jones & Jones and Elbert Roberts, all of Houston, for appellants.

John H. Crooker and W. P. Neblett, both of Houston, for appellees.

WALKER, J. The facts of this case are as follows:

(1) On October 1, 1914, D. F. Kramer and his wife owned and held as community property the land in controversy in this suit. On said date, defendant J. B. Farthing Lumber Company instituted suit in one of the district courts of Harris county against D. F. Kramer on a debt in the sum of $1,334.07, and on the same day sued out a writ of attachment, and caused it to be levied by the sheriff of Harris county on the following described property of the defendant D. F. Kramer (omitting tracts 1, 2, and 3):

"Those certain lots lying and being situated in the John Austin two-league grant in Harris county, Texas, north of White Oak bayou, each being a part of the former Grota homestead, and part of the German town-site survey, each also being a part of a certain two-league tract of land conveyed by F. L. Perry and Louise Perry to I. R. McCasland. * * * "Tract No. 4 being that certain lot, tract or parcel of land lying and being situated in Harris county, Texas, and being out of and a part of the two-acre tract hereinabove mentioned, conveyed by F. L. Perry and Louise Perry to I. R. McCasland, described by metes and bounds as follows: Beginning at a point on the east line of said two-acre tract 50 feet south of the northwest corner of said two-acre tract; thence south along the east line of said two-acre tract 50 feet for corner in said east line; thence east parallel with the north line of said two-acre tract 100 feet for corner; thence north parallel with the east line of said two-acre tract 50 feet for corner; thence west parallel with the north line of said two-acre tract 100 feet to the place of beginning."

The sheriff's return on this writ of attachment, showing the levy as made, was duly recorded by the county clerk of Harris county in the attachment lien records.

(2) On the 10th day of March, A. D. 1915, appellant Eli Lemm loaned to D F. Kramer $1,200 in money, for which he took his note, which was secured by a deed of trust executed by D. F. Kramer on the following described tract of land:

"Lot 9 in block 4 in Germantown addition to the city of Houston, out of the John Austin survey in Harris county, Texas, said lot having a frontage of 50 feet on Houston avenue and a depth of 100 feet running back at right angles with said avenue, the S. W. corner of said lot 9 being on the east line of said Houston avenue, at 100 feet from the S. W. corner of the I. R. McCasland homestead tract and the N. W. corner of said lot 9, being on the east line of said Houston Ave. at 150 feet from the said S. W. corner of said I. R. McCasland homestead tract."

The appellees in this case contend that the tract No. 4, as described in the sheriff's return, is the same land described in Lemm's deed of trust.

(3) On the 23d day of November, 1915, J. B. Farthing Lumber Company secured a judgment against D. F. Kramer for the amount of its debt, with a foreclosure of the attachment lien, under which judgment the property was duly sold and bought in by J. B. Farthing Lumber Company on the first Tuesday in February, 1916, and on the 25th day of February, 1916, J. B. Farthing Lumber Company instituted a suit in trespass to try title against D. F. Kramer, in which judgment was rendered on the 24th day of April, 1917, in its favor against Kramer for the title and possession of the property sued for, which included lot No. 4, as described in the sheriff's return.

(4) On the unpaid balance of its judgment against Kramer J. B. Farthing Lumber Company sued out a pluries execution on the 26th day of September, 1917, and had it levied on the following described tract of land:

"That certain tract or parcel of land out of the part of the two acres of land conveyed by Louise Perry and husband E. F. Perry to I. R. McCasland by deed dated July 11, 1894, and recorded in vol. 79, page 183 of the deed records of Harris county, Texas, being also a part of the Old Grota homestead in the Germantown, S. D. of the John Austin two-league grant in Harris county, Texas, and being more fully described as follows: Beginning at a point in the south line of the McCasland two-acre tract at a point 78 feet east of the east line of Houston Ave.; thence north parallel with the east line of Houston Ave. 100 feet; thence east parallel with the south line of said two-acre tract 22 feet; thence north parallel with the east line of Houston Ave. 5 feet; thence east parallel with the south line of said two-acre tract 55 feet; thence south parallel with the east line of Houston Ave. 105 feet to the south line of said two-acre tract; thence west along the south line of said two-acre tract to the place of beginning, in the city of Houston, Harris county, Texas."

And under a sale under such execution bought the lot, taking the sheriff's deed thereto on the 6th day of November, 1917.

(5) On the 28th day of December, 1917, by its general warranty deed, J. B. Farthing Lumber Company conveyed lot No. 4, as described in the sheriff's return, and the lot bought by it on the 6th day of November, 1917, of Mrs. Betty W. Miller, who, on the 14th day of January, 1918, by her general warranty deed, conveyed lot No. 4 to the defendant Genusa. Lot No. 4 in the sheriff's return and the lot described in Lemm's deed of trust—it being the contention of appellees that these two descriptions cover the same property—and the lot bought by Farthing Lumber Company on the 6th day of November, 1917, constitute all the property in controversy in this suit.

(6) On the 7th day of March, 1917, D. F. Kramer conveyed all the property in controversy, together with other property situated on the McCasland two-acre tract, to Earl York, who, on the same day, reconveyed it to appellant Mrs. Elizabeth Kramer, wife of D. F. Kramer.

(7) On the trial of this cause the evidence showed that the McCasland two-acre tract referred to in the sheriff's return was not conveyed to him by F. L. Perry and wife, but by E. F. Perry and wife. By parol evidence, the Grota homestead was located. Partition was shown between a Mr. Grota and Mrs. Perry, and the two-acre McCasland tract was located on the ground as being bounded on the east by Houston avenue, on the north by North street, on the west by the Depenbrock property, and on the south by Payne street. It was further shown that the original northwest corner of the McCasland two-acre tract is 25 feet in Houston avenue; that is, a strip 25 feet wide off the west end of this tract was dedicated by McCasland for street purposes, and is now a part of Houston avenue. It was contended by appellees that the parties, by agreement, had established a new northwest corner for this tract, and that the new corner was the one referred to in the sheriff's return.

(8) The proof shows that after the execution and transfer of said property by Kramer to York, who transferred to Mrs. Kramer, he owned other property in Texas subject to execution, but the value of such property was not shown.

On the foregoing facts, Eli Lemm, as plaintiff, instituted this suit in one of the district courts of Harris county against the defendants, D. F. Kramer, Elise Kramer (otherwise Elizabeth Kramer), Chas. B. Genusa, Betty W. Miller, and J. B. Farthing Lumber Company, alleging the due execution of his note and deed of trust by D. F. Kramer, as above stated, and that the other defendants were asserting some sort of claim against the property covered by the deed of trust, the exact nature of which was unknown to him, and praying for his debt against D. F. Kramer and for a foreclosure of his lien against all the defendants.

Mr. and Mrs. Kramer did not contest the claim of Lemm, but claimed the land in controversy as the separate property of Mrs. Kramer, under the deeds from D. F. Kramer to York, and his deed to Mrs. Kramer. They alleged that the sale under the foreclosure of the attachment lien was void for certain reasons stated, not necessary to mention, and prayed that they have recovery against Genusa and Mrs. Miller, but this issue was not raised by them until more than four years after the sale of the land by the sheriff under the foreclosure of the attachment lien, and no facts were pleaded excusing the delay in seeking that relief.

Genusa pleaded the facts of the suit by J. B. Farthing Lumber Company against Kramer, the levy of the attachment, the sale under the foreclosure of the attachment lien, the trespass to try title suit by Farthing Lumber Company against Kramer, the sale by the lumber company to Mrs. Miller and her sale to him, and on these facts prayed for the recovery of the tract levied on by the sheriff as tract No. 4, alleging that it was the same property covered by Lemm's deed of trust.

Mrs. Miller pleaded the same facts as to the suit for debt by Farthing Lumber Company against Kramer, the recovery of the judgment, the issuance of the pluries execution, the levy and sale thereunder to the lumber company, and the sale by it to her of the tract sold under the pluries execution. She further alleged that the sale by Kramer to his wife, through York, was void as to his creditors, in that it was an attempt to transfer to his wife all the property he owned in this state subject to execution. These defendants also pleaded the four-year statute of limitation against Mrs. Kramer's suit to cancel the sheriff's deed under the foreclosure of the attachment lien.

On a trial to a jury as between the Kramers and the other defendants, judgment was instructed against Mrs. Kramer and in favor of Genusa for all the land claimed by him, except a strip 5 feet by 100 feet, giving Genusa a lot 45 feet by 100 feet; and also in favor of Mrs. Miller for the property sold under the pluries execution.

The issues between Lemm and Genusa were submitted to the jury under the two following questions, which were answered as indicated, to wit:

"State whether or not the two-acre homestead tract of I. R. McCasland, mentioned in the attachment and the sheriff's return of the levy of the attachment in suit No. 64734, entitled Farthing Lumber Company v. D. F. Kramer, is the same property shown by the evidence introduced herein to be the property

now surrounded by and embraced in Houston avenue on the west, North street on the north, and Payne street on the south, and Depenbrock property on the east." Which issue the jury answered: "It is the same."

"Was or was not the recording of the attachment issued out of cause No. 64734 in the Eleventh district court, entitled J. B. Farthing Lumber Company v. D. F. Kramer and the recording of the sheriff's return on said attachment sufficient to put a person of ordinary prudence upon inquiry at the time Lemm took his mortgage as to whether or not the property described in said attachment return or any part thereof was the property upon which the mortgage of Lemm was fixed, as shown by his deed of trust introduced in evidence in this cause?" Which issue the jury answered: "It was not."

On return of this verdict, Lemm filed motion for judgment, which was denied. Defendant Genusa also filed motion for judgment, which was granted, giving him judgment quieting his title against any and all claims asserted by Lemm. Genusa did not object to the submission of these issues, filed no motion to have the answers thereto set aside, and has no cross-assignments in this court attacking the jury's answers thereto, nor the submission of the issues. Appellant Lemm has many assignments of error against the rulings of the court in the trial of the case, and also against the action of the court in entering judgment non obstante veredicto. Mrs. Kramer has assigned error against the action of the court in instructing a verdict against her.

## Opinion.

We shall not consider any of appellant Lemm's assignments of error except the ones challenging the action of · the court in entering the judgment against him non obstante veredicto and refusal to enter judgment for him on the verdict.

The construction of the description of lot No. 4, as made by the sheriff in his attachment writ, was a mixed question of law and fact. Much parol evidence was offered locating this property, and without objection by Genusa the location on the ground of the McCasland two-acre tract was submitted to the jury as a question of fact. The description of the property as being deeded by F. L. Perry and wife had to be explained. Proof was had on that. Houston avenue had been opened, and 25 feet off the west end of the tract had been dedicated for street purposes, which was explained by parol evidence, as the sheriff's return referred to the northwest corner of the McCasland tract, which, without explanation, would have put the property in the street. We refer to these fact issues only to show that, even if we go to the record, the construction of the sheriff's return was a mixed question of law and fact.

Without further argument on this point, as we construe Genusa's brief, he so concedes, as he advances the following proposition:

"Giving effect to the provisions 'of the two statutes noted above, the question of notice and what constitutes notice became a question purely and simply of law, and for the court to pass upon, and not a question of fact for the jury; and, the jury having found that the McCasland two-acre tract was within the bounds of Houston avenue, North street, the Depenbrock property, and Payne street, the effect of the recording of the attachment was what the law says it shall be, notice of what it, by fair construction, contains, and the submission of special issue No. 2 was useless and unnecessary, and it became the duty of the trial court to give effect to the findings of the jury if possible, and by treating special issue No. 2 as surplusage the court properly rendered its judgment for plaintiff."

[1, 2] It may be that the description of lot No. 4, "Beginning at a point on the east line of said two-acre tract 50 feet south of the northwest corner of said two-acre tract; thence south along the east line of said two-acre tract 50 feet for corner in said east line; thence east parallel with the north line of said two-acre tract 100 feet for corner; thence north parallel with the east line of said two-acre tract 50 feet for corner; thence west parallel with north line of said two-acre tract 100 feet to the place of beginning," discloses an apparent error, and under Carlisle v. King, 103 Tex. 620, 133 S. W. 241, the court should have construed that description as placing the lot on the west end of the tract rather than the east end. But that was only one of the elements of description, and, if the court had the authority to so construe the sheriff's return, he failed to do so. We believe the construction of field notes and their application to any particular tract of land is always a mixed question of law and fact. We have certain well-defined rules of evidence for construing descriptions and giving relative weight to different calls therein, but these are only rules of evidence and not rules of law. In one case, a call for natural objects may control, while in a different state of facts in another case, a call for course and distance may control. Hence, as the proper construction of these field notes was a mixed question of law and fact, the submission of issue No. 2, asking the jury if "the recording of the sheriff's return on said attachment was sufficient to put a person of ordinary prudence upon inquiry at the time Lemm took his mortgage, as to whether or not the property described in said attachment return or any part thereof was the property upon which the mortgage of Lemm was fixed, as shown by his deed of trust introduced in evidence in this cause," was not the submission to the jury of a pure question of law. Though the court may have erred in submitting the issue

on the ground that on the undisputed evidence he should have instructed the jury on this question—a question we cannot review—when the verdict was returned, it was binding on the court, and could not be treated as surplusage. Of course, he had the discretion, either on his own motion or on motion of appellees, to set aside the jury's verdict and grant a new trial. But not having done this, the duty rested on him to enter the judgment on the jury's findings, and his act in so doing involved no discretion, but was purely ministerial. Taylor v. Davis (Tex. Civ. App.) 234 S. W. 104; Scott v. F. & M. Bank (Tex. Civ. App.) 66 S. W. 485; Frith v. Wright (Tex. Civ. App.) 173 S. W. 456; Fant v. Sullivan (Tex. Civ. App.) 152 S. W. 521; Henne & Meyer v. Moultrie, 97 Tex. 216, 77 S. W. 607; Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Ablowich v. Bank, 95 Tex. 429, 67 S. W. 79, 881; Telegraph Co. v. James, 41 Tex. Civ. App. 560, 91 S. W. 654; Rich v. Telephone Co. (Tex. Civ. App.) 110 S. W. 85; Jackson v. Walls (Tex. Civ. App.) 187 S. W. 676; Armstrong v. Hix, 107 Tex. 194, 175 S. W. 430; Shotwell v. Crier (Tex. Civ. App.) 216 S. W. 263; Railway Co. v. Hallam (Tex. Civ. App.) 211 S. W. 809.

[3] As this verdict stands before us unimpeached, we have no discretion, as between Genusa and Eli Lemm, except to reverse the judgment of the trial court and enter judgment in Lemm's favor, foreclosing his lien as against all of the defendants. Taylor v. Davis (Tex. Civ. App.) 234 S. W. 104; Scott v. F. & M. Bank (Tex. Civ. App.) 66 S. W. 485; Dallas, etc., v. Nash (Tex. Civ. App.) 202 S. W. 1032; First Texas State Insurance Co. v. Burwick (Tex. Civ. App.) 193 S. W. 165.

[4] There is nothing in Genusa's contention that the submission of issue No. 1 carried to the jury only the question as to the mere act of recording the attachment. The whole issue of notice, as involved in the recording and in the description of the property, was involved in this issue. We should also say that the record is clear that Lemm had no actual notice of the pendency of the suit between Farthing Lumber Company and Kramer, and the only notice which Genusa sought to visit on him arose out of the recording of this attachment lien. We also believe that Genusa is now estopped to assert that the recording of the sheriff's return was not a mixed question of law and fact to go to the jury, because he tried the case on that theory, made no objection to the submission of the issue, and in the proposition which we have quoted above concedes that it was an issue to be determined in the case. The general rule is that on appeal parties are limited to the theory on which they tried the case. Boatner v. Providence Ins. Co. (Tex. Com. App.) 241 S. W. 136. We see not rea-

son why this principle should not be given application here.

[5] The court correctly instructed a verdict as between Mrs. Kramer and Genusa. Her suit to set aside the sheriff's sale was clearly barred by the four years' statute of limitation. Gulf Production Co. v. Palmer (Tex. Civ. App.) 230 S. W. 1017, and authorities there cited.

[6] As between Mrs. Miller and Mrs. Kramer, the court erred in instructing a verdict. Before this property was levied on under the pluries execution, Kramer had conveyed it to his wife, which raised the presumption that he intended it as a gift to her as her separate property. Mrs. Miller attacked this deed on the ground that it was a conveyance of all of his property in the estate subject to execution, and hence in fraud of his creditors, and void. The proof does not sustain this conclusion as a matter of law.

It is therefore ordered by this court that the judgment of the trial court as between defendants Kramer and wife and Genusa be affirmed; as between Kramer and wife and Mrs. Miller, that the judgment be reversed and the cause remanded; as between appellant Eli Lemm and appellee Genusa, that the judgment of the trial court be reversed, and judgment here rendered in favor of Eli Lemm, foreclosing his lien against all the parties. As the judgment in favor of Eli Lemm against D. F. Kramer was not appealed from, our order in no way affects it.

Affirmed in part, reversed and remanded in part, and reversed and rendered in part.